## KENTON *v.* SPENCER.

Bill to foreclose a mortgage. The defendant having pleaded certain matters in defence, the cause was continued in order to take depositions. At the next term the defendant moved for another continuance, upon his affidavit alleging that notice was given by him for taking depositions at *M.,* &c.; that the parties attended, when the plaintiff proposed to examine two witnesses first, the defendant waiving notice, and that afterwards those of the defendant should be examined, to which arrangement he assented, fully

understanding that he was to have an opportunity to examine his witnesses afterwards; that the plaintiff's witnesses were examined, consuming most of the allotted time; that one witness was examined for the defendant, when the hour of four arrived and the plaintiff refused to proceed further in taking depositions; that the officer who was taking the depositions decided that he could not proceed without the consent of the parties; that the plaintiff immediately left the town and he had not time to serve him with another notice and take the depositions before the term; that he then had witnesses ready to be examined, by whom he expected to prove most of the matters alleged in his answer by way of defence, and that the affidavit was not made for delay, &c. *Held*, that under the circumstances, the defendant had a right to a continuance.

Where junior mortgagees are made defendants to a bill of foreclosure, and make default, the Court can not order a payment of their respective mortgages, but should merely foreclose such mortgagees in favor of the plaintiff.

ERROR to the *White* Circuit Court.

GOOKINS, J.—Bill in chancery by *Spencer* against *Kenton* and wife, to foreclose a mortgage. *Kenton* pleaded that *Stockwell* and others were junior mortgagees of the same premises, whereupon the plaintiff amended his bill and made them parties. *Kenton* answered, admitting the execution of the mortgage to the plaintiff, and setting up certain matters of defence in avoidance, to which the common replication was filed, and the cause was continued until the next term for depositions. The holders of the junior mortgage made default. At the term to which the cause was continued, *Kenton* moved on affidavit for another continuance. The motion was denied, and the cause was set down for hearing. A decree of foreclosure was rendered for the amount of *Spencer's* mortgage, and an order of sale was made, with directions to the sheriff, after discharging the plaintiff's debt, to satisfy the junior mortgage, without specifying any amount, and to pay the overplus to *Kenton*.

The motion for a continuance was founded on an affidavit, stating that notice was given by the defendant for taking depositions at *Monticello*, on the 29th of *April*, between 10 and 4 o'clock; that the parties attended, when the plaintiff proposed to examine two witnesses first, the defendant waiving notice, and that afterwards those of the defendant should be examined, to which arrangement

he assented, fully understanding that he was to have an opportunity to examine his witnesses afterwards; that the plaintiff's witnesses were examined, consuming most of the allotted time; that one witness was examined for the defendant, when the hour of four arrived, and the plaintiff refused to proceed further in taking the depositions; that the officer who was taking the depositions decided that he could not proceed without the consent of the parties; that the plaintiff immediately left the town, and he had not then time to serve another notice and take his depositions before the term; that he then had witnesses present, ready to be examined, by whom he expected to prove most of the matters alleged in his answer by way of defence, and that the affidavit was not made for delay, &c.

The *placita* is defective, and does not state when the term of the Circuit Court commenced, but *Kenton's* affidavit was made on the 5th day of *May*, and is stated to have been sworn to in open Court.

We think the special circumstances set forth in this affidavit showed sufficient grounds for a continuance, and that it ought to have been granted. It is evident that the defendant was deprived of his testimony by a trick which ought not to receive the sanction of a Court of justice. It is answered that the defendant had himself been negligent in getting his testimony, by delaying until so near the beginning of the term. It is true he might have begun sooner; nor are we to encourage negligence; and if the plaintiff had done nothing wrong, this application could not have been listened to. But the defendant was there, ready to examine his witnesses. He waived his right at the plaintiff's request. The officer mistook his duty. He might have adjourned over until the following day, if necessary, which necessity, if it occurred, was induced by the plaintiff. We might hesitate if this were a judgment at law, the reversal of which might occasion a loss of the plaintiff's lien; but as it is a proceeding to foreclose a mortgage, the plaintiff is in no danger of ultimate loss. If he is delayed, it will be in consequence of his own act, of which he can not complain.

May Term,
1855.

The decree is erroneous in ordering the payment of the junior mortgage by the sheriff, without fixing the amount; but for that error the plaintiff is not answerable. He had no control of the mortgage, and could not give it in evidence. It may have been paid. If the junior mortgagees did not choose to assert their rights, all the Court could do was to foreclose them in favor of the plaintiff.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*R. C. Gregory* and *R. Jones*, for the plaintiff.

*D. D. Pratt* and *H. Allen*, for the defendant.