Nov. Term, 1858.

COOKE
v.
WILLIAMSON.

---

## COOKE and Others *v.* WILLIAMSON.

*Friday,*
*December 3.*

APPEAL from the *Knox* Court of Common Pleas. PERKINS, J.—Suit upon a replevin-bond. The bond was

executed on the 25th day of *January*, 1855, under the fol-
lowing circumstances: *Williamson*, the plaintiff, was in
possession of the treasurer's office of *Knox* county, under
claim of right. *Cooke* claimed to be entitled to the office
in place of *Williamson*, and to try his right, commenced
an action of replevin against *Williamson*, to recover the
books and papers of the office. The books, &c., were taken
by the sheriff, by virtue of the writ of replevin, and deliv-
ered to *Cooke*. On procuring the writ of replevin, *Cooke*
gave a bond, with *Judah* and *Denny* as sureties, condi-
tioned for the prosecution of his suit, &c. He failed in
the suit. *Williamson* now sues *Cooke* and his sureties on
the replevin-bond, the same, as we have stated, being dated
*January* 25, 1855. The complaint, by way of introduction,
recites that *Cooke* occupied the office and collected taxes
before he brought the replevin suit.

All the defendants answered by a general denial of each
and every allegation in the complaint.

*Judah* and *Denny* answered in a second paragraph, "that
all the money collected by said *Cooke*, which the plaintiff
is entitled to percentage on, was collected before the filing
of the bond mentioned in plaintiff's complaint."

To the answer, there was no reply. We think none was
necessary to complete the issue. The suit being upon the
bond, went only for rights that accrued under the bond.
The introductory matter was not issuable. The para-
graph in the answer which alleged that all *Cooke's* liability
accrued before the bond was executed, was an argumenta-
tive denial that any liability accrued under the bond sued
on, and, hence, amounted to nothing more than the gene-
ral denial. The bond did not, it may be remarked, pur-
port to cover antecedent liability.

The next entry of record is, that the defendants were
called and came not, but made default, and thereupon the
Court referred the cause to a commissioner to take an ac-
count. No judgment upon default was entered.

The next entry states that the plaintiff, by his attorney,
and the defendants, by *Judah* and *Denny*, their attorneys,
came, and also the commissioner, who made his report;

"and the Court, after hearing the report of said commissioner, and the arguments of counsel, and proof herein, being sufficiently advised," &c., "find for the plaintiff in the sum of," &c., to which the defendants excepted and prayed an appeal to the Supreme Court. No bill of exceptions was filed showing the proof made to the Court upon the hearing, and no motion for a new trial was interposed.

We must regard this case as one tried by the Court, by consent of parties, upon the general denial of the complaint, and in which no motion for a new trial was made, and the evidence is not presented in the record (1).

*Per Curiam.*— The judgment is affirmed, with 1 per cent. damages and costs.

*S. Judah*, for the appellants.

*D. M'Donald* and *A. G. Porter*, for the appellee.

(1) See *Reno* v. *Crane*, 2 Blackf. 217; *Lurton* v. *Carson*, *id.* 464; *Stump* v. *Fraley*, 7 Ind. R. 679; *Doe* v. *Herr*, 8 *id.* 23, 24; *Zehnor* v. *Beard*, *id.* 96; *Priest* v. *Martin*, 4 Blackf. 311; *The State* v. *Swarts*, 9 Ind. R. 221; *McDonald* v. *Stader*, 10 *id.* 171; *Griffin* v. *Lynch*, *id.* 217; *McGregor* v. *Axe*, *id.* 362; *Filson* v. *Bleeker*, *id.* 544.