### RIDDLE *v.* PARKE.

Where the complaint in replevin alleges ownership and right to possession, in the plaintiff, possession by the defendant without right, and unlawful detention from the plaintiff; and the defendant answers, denying the detention, and setting up property in a stranger: *Held*, that there is a good issue without reply—the answer denying the detention, a material allegation of the complaint, and argumentatively denying property in the plaintiff by alleging property in a stranger.

APPEAL from the *Dearborn* Circuit Court.          *Wednesday, May 25.*

HANNA, J.—This was an action by *Parke* against *Riddle*, to recover a certain article of personal property, to-wit, a piano forte.

The complaint alleges that the plaintiff is the "owner and entitled to the possession" of the property which the defendant has "possession of without right, and unlawfully detains from the plaintiff."

The defendant answered that he "does not unlawfully detain the said piano, but that the same is the property of one *John S. Detweiler*, and that," &c., the same was levied upon as his property by *Riddle*, as sheriff, &c.

There was no reply filed to the answer.

The evidence disclosed the fact that the instrument had been sent by the plaintiff to his daughter, the wife of *Detweiler*, but whether as a gift absolutely, or merely to be used, and the title to remain in the plaintiff, was a disputed question, and does not clearly appear.

The Court, sitting as a jury, found for the plaintiff; and as the evidence tends to sustain that finding, we cannot disturb it, in accordance with repeated decisions upon that point.

It is insisted that, as there was no reply filed, the trial was without an issue, and was, therefore, a mistrial. ·

It will be observed that the defendant denies, directly, a material averment in the plaintiff's complaint, to-wit, that he unlawfully detains, &c., and in making that denial, he gives the reason, namely, that the property belonged to *John Detweiler*, and was, by the defendant, as sheriff, levied upon as such. In giving this reason, we think he argumentatively denies another material allegation of the plaintiff's complaint—that he was the owner, and entitled to the possession. If we are correct in this, the issue would be complete without a reply. That this view of the law is correct, we believe is established by the following authorities:

" If the defendant confesses the caption, and pleads property in *J. S.*, this is in bar of the action, as well as in abatement; for this not only shows that the plaintiff had no right to a deliverance ·of the goods, but also, that he has no cause to complain of· the caption and detention against his pledges, which is in bar of the action. And this is not only a justification to cover the defendant from damages, but for the return of the beasts, for he doth not admit property in the plaintiff, but disaffirms it, and therefore, the beasts ought to come back to the defendant, who ought to retain them against every one but *J. S.*" Wilk. on Repl. 48.—Gilb. on Repl. 168.

" Where the defendant pleads property in a stranger, or in the defendant, these pleas disaffirming the property of the plaintiff, are, by verdict, found for· the defendant, or

upon demurrer adjudged for him; in these cases the defendant shall have return," &c. Wilk. on Repl. 95.—Gilb. on Repl. 319. See, also, *Gentry* v. *Bargis*, 6 Blackf. 261.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman* and *T. Gazlay*, for the appellant.

*P. L. Spooner* and *A. Brower*, for the appellee.