*H. C. Newcomb* and *J. S. Tarkington*, for the appellee.

---

## MACK and Others *v.* GROVER.

APPEAL from the *Decatur* Court of Common Pleas.

*Per Curiam.*—Suit by *Ira Grover* to foreclose a mortgage. *Mack* and others, junior mortgagees, applied to be made parties defendant, and were admitted. They insisted that the mortgage to *Grover* had been paid. They asked that mortgagees junior to themselves should be made parties by the plaintiff. They objected that the amount involved was beyond the jurisdiction of the Court of Common Pleas.

The questions raised in the case are—

1. Whether junior mortgagees are necessary parties to a suit of a senior to foreclose.

It seems that they are not. *Pattison* v. *Shaw*, 6 Ind. R. 377, and authorities there cited (1). They are proper, but not necessary parties.

2. Whether the mortgage in this case had been paid.

That was a question upon the evidence, and we see no ground to interfere with the decision of it below.

3. Whether, where several mortgagees are brought before the Court, each having a separate claim against the mortgagor, which, of itself, is within the jurisdiction of the Court, but the aggregate of all of which claims amounts to a sum beyond that jurisdiction, the jurisdiction of the the Court is ousted.

We incline to think the jurisdiction is not ousted. We think the case may be assimilated to that of an attachment, where separate creditors file claims.

The judgment is affirmed with 1 per cent. damages and costs.

*J. S. Scobey* and *W. Cumback*, for the appellants (2).

*B. W. Wilson*, for the appellee (3).

(1) See, also, 11 Ind. R. 398.

(2) Counsel for the appellants cited the following authorities:

1. Upon the question of parties. 2 R. S. p. 31, § 18.—7 Ind. R. 122.—*Minor* v. *The Mechanics' Bank*, 1 Pet. 46.—*Fletcher* v. *Mansur*, 5 Ind. R. 267.

2. Upon the question of jurisdiction. 2 R. S. p. 6, § 5.—R. S. 1838, p. 202, § 16.—*Payne* v. *Miller*, 6 Blackf. 178.—*Thurman* v. *Hammond*, 5 Blackf. 66.—*Tripp* v. *Elliott*, id. 168.—*Reed* v. *Sering*, 7 id. 135.—*Bogart* v. *The New Albany, &c.*, 1 Ind. R. 38.

In the course of their argument, counsel contended that *Egbert* v. *Rush*, 7 Ind. R. 706, overrules *Calkins* v. *Evans*, 5 id. 441, and *McVicker* v. *Pratt*, id. 450.

(3) Mr. *Wilson, contra*, upon the question as to parties, cited 3 Johns. Ch. 457; Calvert on Parties, 128, *et seq.*; 7 Bac. Abr. 161, and cases cited; 6 Ind. R. 377; 8 Blackf. 165.

He contended that *Egbert* v. *Rush*, 7 Ind. R. 706, does not overrule any case, and cited 8 Ind. R. 378, and 9 id. 256, 257.