CLEVELAND and Another *v.* HUGHES.

*A.* brought suit against *B.*, who filed an answer with interrogatories, which, without an affidavit of their materiality, he required the plaintiff to answer. The Court granted a rule upon *A.* for an answer to the interrogatories. *C.*, the attorney of *A.*, filed an affidavit that his client lived four miles from the Court, and knew nothing of the interrogatories; and upon this affidavit moved the Court to discharge the rule. *B.* at the same time moved for an attachment against *A.* for failing to answer the interrogatories. The Court discharged the rule, and refused the attachment.

*Held,* that this ruling was, under the circumstances, correct, with reference to the provisions of the act of 1855, p. 59.

*Wednesday,
June 15.*

APPEAL from the *Hendricks* Court of Common Pleas.

PERKINS, J.—Suit upon a promissory note. Answer, in several paragraphs, setting up fraud, usury, failure of consideration, &c.

The defendants appended to their answer several interrogatories which they called upon the plaintiff to respond to under oath.

The rule for answer was taken on the eighth day of the term. The answer and interrogatories were filed on the ninth day, and a rule for an answer to the interrogatories was taken.

Afterwards, on the latter day, the plaintiff's attorney filed the following affidavit:

"State of *Indiana, Hendricks* county, ss. Personally appeared in open Court, *Leander M. Campbell,* who, being duly sworn, says, that the above-named plaintiff, *William A. Hughes,* is not present in Court, nor in the town of *Danville* [that in which the Court was sitting], but, as

affiant is informed and believes, lives about four or five miles from town, and has no knowledge of the filing and propounding of said interrogatories to him by the defendants.                                        L. M. Campbell.

"Subscribed and sworn to in open Court, February 18, 1858.                                        John Irons, clerk."

On this affidavit, the plaintiff's attorney moved the Court to discharge the rule for answer to the interrogatories. The defendants interposed a motion for an attachment against the plaintiff for failing to make such answer.

The Court refused the attachment, and discharged the rule for an answer. Exceptions were taken.

The plaintiff replied in denial of the answer. The cause was tried, and judgment was rendered for the plaintiff for the amount of the note.

The only question in the cause presented to this Court by the record, is upon the ruling of the Court below discharging the defendants from answering the interrogatories.

The statute on the subject provides (Laws 1855, p 59), that "Either party may propound interrogatories to be filed with the pleadings relevant to the matter in controversy, and require the opposite party to answer the same under oath. All interrogatories must be answered within the time limited, positively, and without evasion, and the Court may enforce the answer by attachment or otherwise, and the party may, in addition thereto, set forth in his answer all relative matter in avoidance; the answer to the interrogatories may be used or not on the trial, at the option of the party requiring it; *provided*, that, in the absence of such opposite party, the filing of the interrogatories shall not work a continuance of the cause, unless it be shown to the Court, by affidavit, that the party who files such interrogatories expects to elicit facts by the answer material to him on the trial; that he believes such facts to be true; that he cannot prove the same by any witness; and that he files the interrogatories not for delay merely, but to obtain substantial justice at the trial."

Under this statute, a party present in Court, or conveniently near for receiving notice thereof, when the interrogatories are filed, must answer such as are proper, though they are not supported by affidavit, if a rule for answer be taken upon him, otherwise not. *Key* v. *Robinson*, 8 Ind. R. 368. But if they appear upon their face to be mere sham pleading, they need not be answered under a rule, but may be stricken out on motion. *Ibid.*

Where the party against whom interrogatories are filed is absent, or concealed, so that delay for an answer is necessary, the party filing the interrogatories must accompany them by an affidavit, as required by statute, or the cause will take its regular course as though they had not been filed. *Barnard* v. *Flinn*, *id.* 204. This practice is necessary to prevent abuse of the privilege. *Lent* v. *Knott*, 7 *id.* 230. And it may be here observed that where a continuance is granted for answer, a bond, as in case of an injunction, will not generally be required. *Barnard* v. *Flinn*, *supra.*

Where the interrogatories are vague, if the opposite party, instead of moving to strike them out, or to have them rendered more certain, submit to answer, the answer will not be required to be more definite than fairly to respond to the interrogatory as propounded. *Deming* v. *Patterson*, 10 Ind. R. 251.

And if the pleading sought to be supported by evidence elicited by interrogatories be insufficient, an exception to the interrogatories will be sustained for that cause. Ind. Dig. 687.

Where proper interrogatories, in a proper case, are filed, and the party to respond to them is absent, a continuance, to another day in term, or to another term, as the case may require, may be obtained upon a proper affidavit. But the mere failure to answer interrogatories, by a party not shown to be absent, is not a sufficient ground for a continuance to another term. An attachment should be obtained against him to compel an answer; and the party, in default in answering, will not be allowed to object to the delay occasioned by his own default, because an at-

tachment was not, at an earlier day in the cause, obtained against him. In such a case, on obtaining the attachment, and filing an affidavit of the materiality and necessity of an answer, a continuance, for a longer or shorter time, as may be necessary, may be obtained. *Hubler* v. *Pullen*, 9 Ind. R. 273.

In the case at bar, the plaintiff was shown to be absent; the interrogatories appeared on their face to be sham pleading, and were not supported by affidavit. The cause came to trial in its regular order, and no error appears in refusing the continuance, even for a day.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*C. C. Nave* and *J. Witherow*, for the appellants.

*L. M. Campbell*, *H. C. Newcomb*, and *J. S. Tarkington*, for the appellee.