MEREDITH and Another *v.* LACKEY.

A junior mortgagee is not a necessary, though a proper, party to a proceeding
by a senior mortgagee for foreclosure.

The answer of such junior mortgagee, setting up his mortgage, and asking
relief under it, is a new and substantive pleading, to enforce a separate
and distinct demand, and therefore the mortgagor can not be required to
respond to the same immediately ; but is entitled to such reasonable time
as may be necessary to prepare his answer thereto.

*Quære :* Whether he is entitled to a continuance to the next term, as to that
branch of the case.

If the answer of the junior incumbrancer does not tender any issue on the
complaint, nor ask any relief against the plaintiff, the proceedings of the
plaintiff should not thereby be delayed, and he may proceed to judg-
ment, though the cause is continued as to the junior mortgagee.

The Court may, in such case, control the application of the surplus proceeds
of sale so as to compel payment thereof to the junior mortgagee, in the
event of his recovery.

VOL. XVI.—1

Where the Court has erroneously refused the mortgagor a reasonable time to answer the claim of the junior mortgagee, the error is not waived by filing an answer, to save a default.

Where it appears from the bill of exceptions that the party to whom interrogatories are addressed is absent, a refusal to continue the cause for an answer, where no affidavit is filed, is not erroneous.

If the Court should have varied the amount of the judgment from the verdict, perhaps the proper mode to raise the question would be by motion in the Court below.

Though the averments of an answer may not be directly controverted in the reply, yet if the reply sets up facts in avoidance of, or inconsistent with, the answer, the answer can not be taken as admitted.

APPEAL from the *Wayne* Circuit Court.

HANNA, J.—*John A. Lackey* averred, in substance, that *Meredith* executed his note for $1,500, to *Catherine Lackey, John A. Lackey, Robert S. Lackey,* and *Richard M. Lackey,* and that his wife joined with him in a mortgage on certain real estate to secure the payment thereof; that the note was assigned to plaintiff, who asked judgment for the amount and the foreclosure, &c.

The defendants averred that the note was given for a part of the purchase money of the lands described in the mortgage, and that the said lands were a part of the estate of one *Ira Lackey,* of whom the said payees were the widow and heirs; that one *Richey* was the executor of said estate, and claimed the proceeds of said note, and had forbidden the payment to said heirs; that defendant had paid a part to said executor, which was to have been credited on said note; that he held a claim against said estate, which he asked might be set off, and that *Richey* might be made a defendant.

*Richey* filed a petition, sworn to, stating such facts as induced the Court to order that he be made a party; but as no judgment was taken against him, and as he does not join in the appeal, we shall not further notice the questions raised by such petition.

*Reply:* That after the death of *Ira Lackey,* certain parties, naming them, had, in a proceeding in said Court against his executor, widow and heirs, obtained a decree directing a sale of said lands, and the application of the proceeds to the payment of certain sums due to said parties, and the return of

the overplus, if any, to the defendants; that the sale was to be as upon execution at law, and that said lands were sold by virtue of said decree, and *Meredith* became the purchaser for the sum of $4,333, being two thirds of the appraisement thereof, and received possession under said purchase; to all which the executor and widow assented.

Upon the filing of these pleadings the case was continued; and during vacation the plaintiff filed an additional averment to his complaint, namely: that since the purchase of *Meredith*, to-wit, &c., he'had created a junior incumbrance by way of a mortgage to one *Peelle*, who was made a defendant.

Upon the calling of the cause for trial, on the fourteenth day of the next term of the Court, *Peelle* appeared and filed his pleading, together with a note and mortgage, claiming that there was due him some thirteen hundred dollars from said *Meredith*. No rule was taken against *Meredith* for an answer, but he moved that the cause be continued until the next day to enable him to answer. This the Court refused, and required him to answer immediately. He then answered, setting up usury, and filed interrogatories to *Peelle* directed to that point. *Peelle* immediately replied in denial, but did not answer the interrogatories. A rule was taken against *Peelle* to file such answer, but without the same having been answered, and over the objection of the defendant, the Court proceeded to trial. No affidavit accompanied the interrogatories. The bill of exceptions states, that *Peelle* was absent, although the reply has to it the name of said *Peelle* as if he had filed it in person. No motion was made for an attachment to compel an answer from *Peelle*. *Lackey* did not reply, nor in any manner respond to the pleading of *Peelle*. A trial was thereupon had, and a verdict returned in favor of *Lackey*, and also in favor of *Peelle*. Motion for a new trial overruled. and judgment on the verdict.

On these facts questions of practice are presented by the parties.

Was it error to compel the answer, at the time, of *Meredith* to the pleading of *Peelle?*

The junior mortgagee was not a necessary, though a proper, party to the proceeding. *Mack et al.* v. *Grover*, 12 Ind.

254; *Pattison* v. *Shaw*, 6 *id.* 377; Story's Eq. Pl., § 193 and note; Calvert on Parties in Eq. 128. But the plaintiff made him a party, and whether, without the consent of the plaintiff, the pleading of *Peelle* could have been filed at the time it was, if thereby the progress of the suit of said plaintiff might have been delayed, we need not decide; for no objection of *Lackey* is shown; indeed the attorneys of *Lackey* appear also to have acted for *Peelle*. But if he had failed to answer, no judgment could have been rendered in his favor. *Kenton* v. *Spencer*, 6 Ind. 321. His rights, if he had any, as against the plaintiff, (*Howe* v. *Woodruff*, 12 Ind. 214,) might have been concluded. 6 *id.* 324. It was, therefore, the act of the plaintiff that brought *Peelle* into Court and caused the filing of the pleading at the time it was filed, and if *Meredith* was thereby entitled to further time, no question of hardship upon the plaintiff should have been permitted to weigh.

It is insisted that this is not such a pleading as, under the circumstances, required an affidavit from *Meredith*, under 2 R. S., § 97, p. 48, to entitle him to a continuance; but that he was entitled thereto as a matter of right, because the pleading, as against him, operated and should be regarded as an original complaint; and that if, in this, the defendant is mistaken, then he was entitled to a delay of one day, or a reasonable time, to answer, (*id.*, § 68, p. 42,) and that, in this instance, such time was not allowed.

As to this whole proposition, we are of opinion that the pleading filed by *Peelle*, claiming, as it did, a judgment, &c., against *Meredith*, was, for that purpose, a new and substantial pleading to enforce a separate and distinct demand (12 Ind. 254) not embraced in the original complaint, nor such as, under that complaint alone, would have authorized *Peelle* to take a judgment thereon against the appellant, and, therefore, he should not have been compelled to respond to the same immediately. Whether the case should have been continued until the next term, is a question not raised by the record, although presented in argument, and we intimate no opinion thereon; but that the appellant was entitled to such reasonable time as was necessary to enable him to answer

that branch of the case, we have no doubt. We are further of opinion, as the pleading of *Peelle* did not make or tender any issue on the complaint of *Lackey*, nor pray any relief as against him, that, so far as the pleadings show, no right thereby accrued to the appellant to delay a recovery of judgment on the claim of said *Lackey*. But if a judgment had been taken on such claim, and the case continued, in consequence of such pleading, as to the junior mortgagee, a question might, perhaps, have been made as to the application of the overplus, if any, arising from the sale of the lands. But as to that, it seems to us an order could have been made to operate on the officer, so as to compel an application in the contingency of a recovery, without prejudicing the rights or interests of either party. It will, perhaps, be said that a sale, before a final adjudication upon all the incumbrances sought to be enforced, would tend to prevent competition at such sale. The junior mortgagee did not ask to redeem the senior mortgage and be subrogated to the rights of the holder thereof, nor in any other manner indicate that he desired delay for the purpose of obtaining relief or security against the plaintiff. Whether he could have made a case, in that respect, which would have prevented a final judgment in favor of *Lackey* before his claim was also passed upon, we need not determine. He did not attempt to make such a case. A default could not have been legally entered against the appellant if he had failed to obey the order of the Court to answer, immediately, the pleading on the junior mortgage; but, as he filed an answer, the question is, whether by that act he waived the error of the Court in making the order. We are of opinion that he did not. He had, by exception, reserved the question; and cases might, perhaps, arise in which great present inconvenience, and ultimate injury, might result from standing by and permitting a judgment, under the circumstances, for want of an answer.

The next point made is upon the refusal of the Court to continue the case for an answer to the interrogatories. The record does not show within what time the answer was to be filed under the rule therein granted. The statute (Acts

May Term, 1855, p. 59) requires the Court to fix the time within which
1860. the answer is to be filed. If the party should fail to file it
within the time, the opposite party could, by taking proper
steps, delay the case and compel an answer. *Cleaveland* v.
*Hughes*, 12 Ind. 512. The statement, in the bill of excep-
tions, that the defendant was absent, must control; the
presumption being in favor of the action of the Court, and
that the absence was such as authorized that action, and that
it was made known to the Court in the proper manner, (*Bos-
well* v. *Travis*, 12 Ind. 524); and, therefore, the statutory
affidavit should have been filed.

A bill of exceptions states that, on the motion for a new
trial, it was shown to the Court that before the jury was
sworn defendant's counsel asked time to prepare the affida-
vit, but that the judge did not hear the request. The failure
to grant a request, not heard, could not, under ordinary cir-
cumstances, be error. The party should, at the time, have
excepted and caused the exception to be noted. This would
certainly have brought the matter to the notice of the Court.
Whether, when the matter was brought to the attention of the
Court, upon a motion for a new trial, a new trial should have
been granted for that cause, was a matter much within the
discretion of the Court. We can not say there was an abuse
of that discretion.

The remaining point is that the verdict was contrary to
the evidence. The evidence is not in the record. But it
is insisted that the portion of the answer setting up a set-
off is not controverted by the reply, and is therefore admit-
ted, and should have been so considered by the jury. We
have not the evidence upon which the verdict was found.
We have only the pleadings. If the Court should have
varied the amount of the judgment from the verdict, because
of any admission in the pleadings, perhaps the proper mode
to have reached that question would have been by a motion
in the Court below. 2 R. S., § 372, p. 121. No such motion
was made. But is there an admission by the pleadings?
The answer set up that the note was given for lands pur-
chased of the heirs of *Ira Lackey*, and that the execu-
tor claimed the proceeds; that they had been partly paid

*(margin case caption)* MEREDITH v. LACKEY.

to him, and that defendant held a claim against deceased for another part. The reply does not directly deny this, and it is claimed that, therefore, under 2 R. S., p. 44, § 74, the appellant was entitled to the benefit of the set-off at least. Although the reply does not directly deny the answer, yet it sets up a state of facts inconsistent with those alleged in such answer. It avers that the land was purchased by the appellant under a decree of the Court for the sale thereof, in favor of judgment creditors of the deceased; that he had paid the purchase money and taken possession, with the assent of the executor. This controverts, perhaps argumentatively, the allegations in the answer as to the consideration of the note. Pleading in that form has been held sufficient for some purposes. *Riddle* v. *Parke*, 12 Ind. 89; *Cooke* v. *Williamson*, 11 Ind. 242; *id.* 293. The averment of payment, to the executor, of a part, by the appellant, and that he held a claim against the deceased, &c., may not, perhaps, be controverted by the reply; but such a state of facts is set up as show, that even if such payment was made, and claim held, they were not a proper set-off. It appears to us, that if the issue thus made was found for the plaintiff, the allegation as to the set-off was then properly disregarded by the jury.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs, as to that part of the judgment in favor of *Lackey;* and reversed, with costs, as to the judgment in favor of *Peelle.*

*O. P. Morton* and *J. F. Kibbey*, for the appellants.

*J. S. Newman* and *J. P. Siddall*, for the appellee.

(1.) This case was decided at the *May* Term, 1860, but was held back on a petition for a rehearing, and afterward on a motion to set aside the judgment on the petition, until *Thursday, May* 30, 1861.

May Term, 1860.

MEREDITH
v.
LACKEY.

# CASES

## ARGUED AND DETERMINED,

### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1860, IN THE FORTY-
FIFTH YEAR OF THE STATE, BUT HELD BACK ON
PETITIONS FOR A REHEARING, WHICH
HAVE BEEN OVERRULED.