### No. 7542.

## LANE ET AL. *v.* SPARKS.

PLEADING.—*Answer.—Replevin.—Fraudulent Transfer of Personal Property.—Execution.—Fraud.*—In an action for the recovery of personal property, a paragraph of answer averred that the property was fraudulently transferred to the plaintiff, for the purpose of defeating the collection of a judgment against the former owners thereof, and that the defendants have possession of the property by virtue of a writ of execution issued on such judgment.

*Held,* that the real defence presented by the answer is property in a third person, and, as evidence thereof was admissible under the general denial pleaded, no error was committed in striking out the answer.

*Held,* also, that the plaintiff could only recover upon the strength of his own title, and, if that grew out of fraud and collusion between him and his vendors, his action must fail.

From the Clinton Circuit Court.

*J. N. Sims, S. Vanton* and ——*Collins,* for appellants.

*L. McClurg, J. V. Kent, E. Sparks* and *J. G. Webster,* for appellee.

ELLIOTT, J.—This is an action for the recovery of personal property, and was instituted by the appellee against the appellants.

Lane *et al. v.* Sparks.

The answer first filed by the appellants contained two paragraphs, the first of which was the general denial, and the second was an affirmative answer of new matter. The court struck out the second paragraph of the answer upon appellee's motion, and to this ruling exception was properly taken, and duly preserved by a bill of exceptions.

The paragraph of the answer under examination alleged that the property in controversy was owned by Elijah Sparks and Samuel Frazee, on the 16th day of October, 1876, and had been owned by them long prior thereto; that, prior to the date aforesaid, Sparks and Frazee had executed a note to Hibben & Co., on which Jesse Lane became surety; that on the said day Hibben & Co. obtained judgment thereon against Sparks and Frazee; that immediately after the rendition of said judgment, and before the issuing of an execution, Frazee and Sparks, fraudulently conspiring with appellee, transferred to him the property in controversy, for the purpose of defrauding the creditors of said Frazee and Sparks; that Lane, the surety, paid the principal and interest of the said judgment, and thereafter caused an execution to be issued and the property to be seized; and that the appellants have possession of said property under and by virtue of said execution. The allegations of fraud are full, and the facts are sufficiently pleaded, and there can be no fault found with the answer, of which we have given only a bare outline, upon that score.

It is argued, with much earnestness and force, that fraud is a defence which must be affirmatively pleaded. This is unquestionably the general rule. Fraud in this case, however, is important only as showing property in a third person, the execution debtors. If the transfer to Allen Sparks was in good faith, then he could maintain the action, but if it was the result of a fraudulent conspiracy to cheat the creditors of the vendors, then the action could not be maintained, for, so far as the creditors were concerned, the prop-

erty remained in the fraudulent vendors. The appellee could only recover upon the strength of his own title, and, if that grew out of a fraudulent collusion between him and his vendors, his action must fail. The real defence which the answer presents is property in third persons, and this defence was clearly admissible under the general denial. This is so even though the seizure of personal property be alleged to have been justified by a writ of execution. As evidence of the defence set forth in the second paragraph of the answer was admissible under the general denial, no error was committed in sustaining the motion to strike out. That such a defence as that set forth in the answer under mention is included in the general denial, is well settled. *Wiler* v. *Manley*, 51 Ind. 169 ; *Davis* v. *Warfield*, 38 Ind. 461 ; *Landers* v. *George*, 40 Ind. 160 ; *Riddle* v. *Parke*, 12 Ind. 89 ; *Kennedy* v. *Shaw*, 38 Ind. 474.

We are asked to reverse upon the evidence. This we can not do. It is true that there is much conflict, and that upon some material points the evidence is not altogether satisfactory, but there is nothing to warrant an interference by us with the result reached upon the trial.

Judgment affirmed.