PARSLEY
v.
HUSTON.

## PARSLEY v. HUSTON.

A defendant in replevin pleaded, that at the time when, &c. he was a constable, &c.; that two executions dated on, &c., and issued by a justice of the peace, were directed to him as constable, &c.; that he levied these executions on the goods of *A.*, which were the goods mentioned in the declaration, and were not the goods of the plaintiff; that the goods were taken to satisfy the said executions; that this is the trespass complained of; and that without this he is not guilty. *Held*, that this plea, in not sufficiently describing the writs, and not stating that the plaintiff was the execution-defendant, is not a good plea in justification. *Held*, also, that the words in the plea—*"without this* that the defendant is not guilty"—neither constitute a special traverse, nor a distinct substantial defence. *Held*, also, that as a plea of property in a stranger, the plea is good, and that the other averments in it may be considered as surplusage.

*Tuesday,*
*May 27.*

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—*Robert Huston* brought an action of replevin against *James Parsley.* The declaration contains two counts. The first count charges the defendant with tortiously taking certain goods belonging to the plaintiff, and unjustly and unlawfully detaining them. The second count charges, that the defendant lawfully acquired certain other goods belonging to the plaintiff, and unjustly and unlawfully detained them.—Damage 200 dollars.

*Parsley*, the defendant, pleaded three pleas:—First, That he did not take nor detain the goods as charged in the first count. Secondly, That he did not detain the goods as charged in the second count. The third is a special plea in bar. It states that at the time when, &c. the defendant was a constable of the township, &c.; that two executions dated on, &c., and issued by a justice of the peace, were directed to the defendant as constable, &c.; that the defendant levied these executions on the goods of one *George Long*, which were the same goods mentioned in the declaration, and were not the goods of the plaintiff; that the defendant took the said goods of the said *Long* to satisfy the said executions; that this is the trespass complained of; and that without this he is not guilty. And this he is ready to verify, wherefore he prays judgment.

To the third plea *Huston*, the plaintiff, demurred, and assigned as causes of demurrer, first, that the executions are not

sufficiently described; secondly, that the constable's return is not stated; thirdly, that the plea is double, in justifying and denying the matters complained of. This demurrer to the third plea was sustained by the Circuit Court. On the first and second pleas, issues were joined; and, upon these issues, a verdict and judgment were rendered for *Huston*, the plaintiff below.

*Parsley* brings the case, by writ of error, to this Court, and assigns for error, *inter alia*, that the demurrer to his third plea was erroneously sustained.

The principal object of this third plea is to show, that the defendant, as a constable, took and detained the goods by virtue of two executions against a third person. The plea, as a justification by authority of law, is liable to the objection first assigned as a cause of demurrer. It does not state the nature of the executions. We do not know whether they were writs of *fieri facias*, or of *capias ad satisfaciendum*. We cannot tell, whether the sheriff acted in obedience to them or not, because the plea does not state what they commanded him to do. The plea is also fatally defective, as a justification by authority of law, in not showing that *Huston*, the plaintiff in replevin, was the execution-defendant. The circumstance, that goods have been taken in execution, and are thus in the custody of the law, is no bar to an action of replevin, unless the suit be brought by the execution-defendant. If *Parsley*, as constable, with a *fi. fa.* against *Long*, took the goods of *Huston*, the latter may maintain replevin. The statute gives the action to any person whose goods have been unlawfully taken or detained, excepting the execution-defendant. R. C. 1831, p. 424.—*Chinn v. Russell*, *May* term, 1828.

But this plea, independently of what is evidently its main object, states expressly that the goods, for the taking or detaining of which the action is brought, were the property of *Long*, a stranger, and were not the property of *Huston*, the plaintiff in replevin. This statement, if true, is a bar to the action. If *Huston* had no general or special property in the goods, at the time they were taken or detained, he cannot maintain an action of replevin for the taking or detaining of them. 2 Selwyn's N. P. 364. To this part of the plea, only one of the causes of demurrer assigned is applicable. This cause is, that the plea is double, containing both a justification and a denial of the

injury complained of. To sustain this objection, it must appear that the plea contains two distinct defences, each of which is, in substance, a good bar to the action. Steph. on Pl. 272, 273. They must be such defences, too, as are mentioned in the cause of demurrer assigned. That the plea contains one good defence, in substance, to wit, that of property in a stranger, we have no doubt; but we do not find in it any other distinct substantial defence.

The words relied on to show that it contains another defence, are at the conclusion of the plea. They are these: "And *without this* the defendant is not guilty." These words were probably intended by the pleader for a special traverse; but they are very far from being that. In a plea, the special traverse, or, as it is often called, a traverse with an *absque hoc*, is a direct denial of the allegations in the declaration, which are only indirectly denied by the affirmative matter previously set out in the plea. A defendant, for example, pleads that his co-defendant is dead; and the plaintiff replies that he is alive. The replication must not stop there; because it contains as yet no direct denial of the co-defendant's death. It must go on further and say, *without this* that he is dead; or use other words in denial, as, that he is not dead. So, a defendant in replevin pleads that the goods were the property of a stranger; *without this* that they are the property of the plaintiff. This is sufficient, and amounts to the same thing as saying,—that the goods were the property of a stranger, *and not* the property of the plaintiff. But to say, as the plea before us does, that the goods were the property of a stranger, *without this* that the defendant is not guilty, is not a direct denial of the plaintiff's property in the goods; and were there no other expressions in the plea on the subject, it would be objectionable as being argumentative. The phrase, *"without this* that the defendant is not guilty," is no denial of the plaintiff's property in the goods; nor indeed is it a denial of any thing. There happens, however, to be an averment in the plea, that the goods were *not* the property of the plaintiff. This is a direct denial, and supplies the place of a special traverse with the *absque hoc*. Steph. on Pl. 188.— Gould on Pl. 377.

But though the words referred to, to wit, *"without this* that the defendant is not guilty," are as far from being a special traverse as any other expressions possibly can be; yet, at the

same time, they are not liable to the objection relied on by the plaintiff below. They certainly do not contain, as he contends, a distinct substantial defence to the action. They are as far from constituting a distinct defence, as they are from being a special traverse. They are no denial of the truth of the declaration; and no issue could be formed on them, by which the cause could be determined. The plea is not, therefore, in consequence of these unmeaning words, subject to a demurrer for duplicity. Those words, like all the expressions in the plea relative to the executions, must be considered as mere matters of surplusage.

The averments in the plea that the goods, for the taking or detaining of which the action was brought, were the property of *Long*, and were not the property of *Huston*, the plaintiff, constitute a good defence to the action. If the plea be informal, there is no cause of demurrer assigned which can reach the informality. The demurrer to this plea should have been overruled.

Some objections were made by *Parsley* to the affidavit made by *Huston* before the writ of replevin issued; but the affidavit is not made a part of the record, and the objections to it are not therefore before us.

The judgment must be reversed, because the demurrer to the third plea, as has been already observed, was erroneously sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Ray* and *J. Eccles*, for the plaintiff.
*W. W. Wick*, *H. Brown*, and *J. H. Scott*, for the defendant.

