## LANDERS ET AL. *v.* GEORGE.

PLEADING.—*Replevin.*—In an action to recover the possession of personal property, an answer of property in a stranger, or in the defendant, in effect, denies the property or ownership of the plaintiff, and is a good plea in bar, and completes the issue without a reply.

SAME.—A reply to such an answer is not required or authorized, and may be struck out on motion.

SAME.—*Demurrer.*—Sustaining a demurrer to such reply does not injure the plaintiff.

APPEAL from the Tipton Circuit Court.

DOWNEY, J.—The appellants sued the appellee, and were unsuccessful in the action. They have appealed, and assigned for error that the circuit court improperly sustained the demurrer of the defendant to their reply to the fourth paragraph of the answer of the defendant. The action was for the recovery of the possession of personal property, consisting of a stock of dry goods, groceries, provisions, etc., which it was alleged had been wrongfully taken and were unlawfully detained by the defendant.

The fourth paragraph of the answer alleges that at the February term of the court of common pleas of Tipton county, etc., in the year 1869, two judgments were recovered in said court against Joshua K. Harlin and George W. Boulden, one in favor of Emanuel Hays, Henry Rosenthal, and Moses Rosenthal, for eleven hundred and six dollars and seventy-three cents and costs, and the other in favor of Enoch C. Mayhew and Edward Branham, for six hundred and fifty-four dollars and fifty cents and costs, which are still in force and unpaid; that on the 5th day of February, 1869, the clerk of said court issued executions on said judgments, and on the same day delivered them to the defendant, then and still sheriff, etc.; that on the said 5th day of February, 1869, he levied upon, seized, and took into his possession the said goods, etc., by virtue of said executions; that said goods, etc., were at the time of such levy, etc., the property of said Harlin and Boulden, and in their possession, and subject to levy, etc., under and by virtue of said executions; that he still holds said executions in his hands as such sheriff, and that the lien of the executions still continues upon said goods, etc.; wherefore, etc.

The reply to the fourth paragraph of the answer alleges

that the plaintiffs are the owners of and entitled to the possession of the goods, etc., by virtue of a chattel mortgage from said Harlin and Boulden, which gave them the sole and entire right to possession and ownership of the said goods, etc., upon failure of said Harlin and Boulden to comply with the conditions of the same; that such condition was to the effect that whereas said Harlin and Boulden were indebted to said plaintiffs, Landers, Conditt & Co., in the sum of eleven hundred and sixty-nine dollars and ninety-nine cents, evidenced by two promissory notes of even date with said mortgage, one for four hundred and eighty-five dollars and fifty cents, and one for six hundred and eighty-four dollars and forty-nine cents, and to Landers, Pee & Co. in the sum of four hundred and ninety dollars and nine cents, evidenced by one promissory note of even date with the said mortgage; that upon default of punctual payment of said notes at maturity, the goods, etc., were to become absolutely the property of the plaintiffs, and they were to have the right to possession and ownership of the same. It is further stated that the notes and mortgage bear date January 15th, 1869; that the notes became due January 16th, 1869; that Harlin and Boulden did not pay said notes at maturity, and that the same still remain due and wholly unpaid; and that by reason of such failure to pay, the plaintiffs became the sole and entire owners of said goods, etc. It is further alleged that before the issuing of said executions and the levy thereof on said property, the same had been surrendered to the plaintiffs by Harlin and Boulden, and was in their possession; wherefore, etc.

We need not set out the mortgage, a copy of which is filed with this paragraph.

The whole question resolves itself into this, does an answer of property in a stranger close the issue? The answer has been held to be a good defence, both before and since the adoption of the code. In *Gentry* v. *Bargis*, 6 Blackf. 261, it is said: "A plea of property in a stranger, or the defendant, is not in confession and avoidance of the action; it does

Landers *et al. v.* George.

not admit the allegation in the declaration, that the property belongs to the plaintiff, but denies it. It is in the nature of a special traverse; it states, by way of inducement, that the property belongs to a stranger, or the defendant, and traverses the ownership of the plaintiff. This throws the burthen of proof on the plaintiff, and entitles him to begin and close the cause to the jury." Stark. Ev. 1295. See, also, *Parsley* v. *Huston*, 3 Blackf. 348. These cases were decided before the code. In *Riddle* v. *Parke*, 12 Ind. 89, it was held that such an answer was a bar, and that the issue was complete without a reply. This was a decision under the code. See, also, *Turner* v. *Cool*, 23 Ind. 56. The answer in this case, after setting out the recovery of the judgments, the issuing of the executions, and their levy, alleges that the goods, etc., were, at the time of such levy, etc., the property of said Harlin and Boulden, and in their possession, and subject to levy, etc., under and by virtue of the execution.

This answer being, as held in the cases cited, a denial, in effect, of the property or ownership of the plaintiffs in the goods, and not an answer in confession and avoidance, terminated the pleadings. The reply to it was a pleading not required or authorized, and might have been stricken out and rejected on motion. The defendant chose to demur to it, however, and his demurrer was sustained. The mode resorted to to get rid of the pleading was not material. The right result was reached, but not, perhaps, by the most appropriate means. We think the facts set up in the reply would have been admissible under the issue formed by the answer, and that the plaintiffs were not injured by the action of the court in sustaining the demurrer to the reply.

The judgment is affirmed, with costs.

## ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case. It is conceded that the ruling of the court on the point decided is correct, but it is insisted that there are other errors in the record not decided by us. The point decided

by us is the only one mentioned in the assignment of errors. The other alleged errors cannot be set up for the first time in the petition for a rehearing.

The petition is overruled.

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellants.

*M. Bell, A. S. Bell, N. B. Taylor,* and *E. Taylor,* for appellee.