L. A. W. ACCEPTANCE CORPORATION *vs.* ISRAEL CHERNICK.

DECEMBER 12, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.  This is an action of replevin to recover an automobile as to which it is alleged in the declaration that on the day of the date of the writ the plaintiff had title, together with the right of immediate possession, but which on that day had been unlawfully taken and was being unlawfully detained by the defendant.

The case was tried before a justice of the Superior Court sitting without a jury.  The justice gave decision for the defendant for return and restoration and. costs.  The case is before us upon the plaintiff's exceptions to the decision of the justice and to certain rulings as to the admission of evidence made in the course of the trial.

The plaintiff bases its right to possession upon the terms of what it claims is a conditional bill of sale of said automobile, which bill of sale was assigned. to the plaintiff by the seller named therein.  The defendant claims property and right of possession in himself and alleges that before the commencement of this action of replevin he was an innocent purchaser from one Colville B. Smith, who was at that time acting as agent of the plaintiff with authority to sell the automobile.

The defendant sets up his defence in what he terms an avowry, in which, among other things, he denies the allegation of property in the plaintiff and alleges property in himself.  In accordance with what would have been a proper course of pleading, if an avowry had been an appro-

priate method of setting up the defence claimed, the plaintiff, following the defendant's lead, filed a plea to the avowry, to which plea the defendant filed his replication, reaffirming title in himself. This course of pleading is not in accord with the function of an avowry in replevin, and the proper method of pleading property in a defendant.

It has generally been held, though not without some dissent, that historically the action of replevin first appeared in the common law as a remedy given to a tenant to enable him to regain possession of chattels alleged to be wrongfully distrained by his landlord, on the landlord's claim of rent in arrears. In such an action, by means of a pleading known as an avowry, the landlord avowed the taking of the chattels, which he admitted were the property of the plaintiff, and sought to justify the taking. In the avowry the avowant alleged his title to the premises held by the plaintiff tenant, the demise of the same to the tenant at a rent which was in arrears, and such other allegations as would justify the avowant in taking the chattels as a distress for rent. After his avowry the defendant in replevin was regarded as the actor or plaintiff. The avowry was treated as a declaration to which the plaintiff in replevin was required to file a plea. Then followed a replication by the defendant. Such form of cumbersome pleading is inappropriate to the real issue between the parties in the case at bar. The position of the defendant here is unlike that of a landlord who distrains for rent in arrears, or of one who has taken the animals of another damage feasant. The defendant at bar does not admit that the automobile in question was the property of the plaintiff, nor that the defendant is guilty of what would ordinarily amount to a tortious taking of the same, and does not then seek to justify the taking, but claims that the automobile was his property.

The original function of a writ of replevin has been extended until now, as with us, replevin is an action for the recovery of goods and chattels, generally, which are alleged to have been unlawfully taken or detained from their owner

or the person entitled to the possession thereof. An avowry is still usually regarded as a form of pleading appropriate solely in replevin for goods distrained. Its use appears in some cases to have been extended, but it is still clearly inept, save where goods admittedly the property of a plaintiff have been taken from his possession by the defendant, and the defendant seeks to set up facts which will justify such taking.

In the case at bar the defendant claims property in himself. He should allege that claim, not in an avowry but by a plea, in which he traverses the allegation of property in the plaintiff. In such plea the defendant should also allege property in himself. Such further allegation, although of an affirmative fact, is solely by way of inducement to his traverse of the allegation of property in the plaintiff. That inducement would not render the plea an affirmative one, casting the burden of proof upon the defendant, although it has been so held in a few cases, contrary to the weight of authority. The inducement contained in such plea is not open to a traverse by the plaintiff, as was attempted by the plaintiff at bar in his plea to the so-called avowry. After, in his plea of property, a defendant has traversed the plaintiff's right of possession the plaintiff's title becomes the material issue in the cause and the burden of proof is on the plaintiff. Such may be regarded as the result of the court's decision in *Thompson* v. *Dyer*, 25 R. I. 321, and that view is clearly in accord with the better authority. *Chase* v. *Allen*, 5 Allen 599; *Rogers* v. *Arnold*, 12 Wend. 30; *Swasey* v. *Adair*, 88 Cal. 179; *Pope* v. *Jackson*, 65 Me. 162; *Chambers* v. *Hunt*, 18 N. J. L. 339; *Brown* v. *Bissett*, 21 N. J. L. 267.

In view of the principle that the allegation of property in such a plea of the defendant would be merely by way of inducement and not traversable, and that the material issue would be raised by the defendant's traverse of the plaintiff's claim of property, we regard as entirely logical the determination of the court in *Landers* v. *George*, 40 Ind. 160, holding that such a plea by the defendant would close the issue. It

has generally been held, however, that after the defendant's plea denying property in the plaintiff coupled with the inducement of property in himself, it is then incumbent upon a plaintiff to reply, reaffirming title in himself and tendering an issue. Such was the decision of this court in *Hamilton* v. *Colt*, 14 R. I. 209. Since that decision rendered in 1883, it has been provided by the Judiciary Act of 1893, Section 15, Chapter 19, now Section 18, Chapter 338, Gen. Laws 1923, as follows: "No issue need be joined on a demurrer, nor need any pleadings be formally closed either to the court or to the jury, but the denial of any material allegation shall constitute an issue of fact."

As a result of the foregoing we are of the opinion that a defendant in replevin, desiring to plead property in himself, should not resort to a so-called avowry requiring a plea from the plaintiff, and a replication from the defendant, but that in such a situation the defendant should by plea traverse the plaintiff's claim of property and aver property in himself; that then will be raised the material issue in the cause, *i. e.* the plaintiff's title and under the statute referred to above the pleading need not be formally closed and the parties are then properly at issue. In the interest of directness and simplicity we have thus considered at length the pleadings in this case in order that we might not appear to give approval to the inappropriate course of pleading adopted by the parties. In the absence of a demurrer or other objection on the part of the plaintiff and after a decision by the Superior Court upon the merits of the cause, we will treat the so-called avowry as a plea denying the allegations of property in the declaration, and setting up property in the defendant, and will disregard the subsequent pleadings as surplusage.

From the evidence in the case it might properly be found that the automobile in question was of a type known as the "Bay State," manufactured by the R. H. Long Company of Framingham, Mass. The cars of that type were sold by the manufacturer through a subsidiary corporation,

known as the Long Motor Sales Company. The Sales Company sold the "Bay State" cars in Providence through one Colville B. Smith as its manager and agent. Together with other cars belonging to the Sales Company, Smith had the automobile in question for sale in the place of business of the Sales Company in Providence. When a car was delivered for sale by the Sales Company, Smith signed a conditional sale contract with the company. Upon the sale of that car, Smith accounted to the Sales Company for the purchase price. The terms of such conditional sale contracts appear to have been disregarded by the parties, and Smith had absolute authority to sell and make delivery of a car to the purchaser. Smith received the automobile in suit subject to that course of business.

The plaintiff, The L. A. W. Acceptance Corp. is a Massachusetts corporation doing business at Worcester in Massachusetts. It is the successor of a corporation of the same name of Delaware, which also had been doing business in Worcester. It was in testimony that each of these corporations carried on the business "of financing the sale of automobiles for manufacturers." The corporation of Delaware furnished financial assistance to the Long Company, and in the course of that assistance the Long Company assigned to the Acceptance Corporation some, if not all, of its conditional sale contracts, including that executed by Smith in relation to the automobile in question. Such sale contracts were afterwards transferred by the Acceptance Corporation of Delaware to its successor the Acceptance Corporation of Massachusetts, which is the plaintiff here. While the automobile in question was in the possession of Smith, although after the assignment of said conditional bill of sale to the predecessor of the plaintiff, Smith sold the car to Israel Chernick, the defendant in this suit, who was an innocent purchaser for valid consideration. It is clear that while the Long Motor Sales Company owned the car its agent Smith had, in favor of a purchaser, the legal authority to sell under the provisions of Section 2, Chapter 215, Gen.

Laws 1923. The provisions of that section applicable to this case are as follows: "Every person intrusted with and in possession of goods for the purpose of sale  .  .  .  shall be deemed the true owner of the goods so by him possessed .  .  .  in favor of the purchaser  .  .  .  of such goods for money or negotiable security: Provided such purchaser .  .  .  at the time of payment  .  .  .  shall have had no notice or knowledge that the possessor of such goods was not the true owner of such goods by him possessed." There was evidence from which it might be found, although the evidence was contradicted by the plaintiff, that the plaintiff knew of the authority of Smith to make a valid sale of the car, notwithstanding the terms of the conditional bill of sale, and that after the assignment of such conditional sale contract the plaintiff permitted the car to remain in Smith's possession for the purpose of sale.

The defendant at the trial in the Superior Court also urged in defence the following facts appearing in evidence. The truth of this evidence was disputed by the plaintiff. It formed, however, the basis of the decision of the Superior Court justice. Colville B. Smith testified that about a month after he received the automobile in question he received instructions from the Long Motor Sales Company that the Bay State cars in Smith's possession were then the property of this plaintiff and that he should deliver them to the plaintiff; that thereafter, upon request of the plaintiff, he did make such delivery and for compensation he assisted the agent of the plaintiff in driving such cars to the plaintiff's place of business at Worcester; that while in Worcester, and at the request of the plaintiff, he undertook to take the car in question back to Providence and there sell it as the agent of the plaintiff; that he did return to Providence with the car and exposed it for sale in the showroom of the Long Motor Sales Company where it was seen and examined by the defendant, who made an offer for its purchase; that Smith communicated the defendant's offer to the plaintiff and that upon the approval of the plaintiff sold and de-

livered the car to the defendant and received the purchase price. Upon an examination of the transcript of evidence we agree with the trial justice that the circumstances strongly support the testimony of Smith and we feel that we should not be warranted in setting aside the decision of the justice upon these facts.

The plaintiff no longer relies upon its other exceptions to the rulings of the justice made in the course of the trial.

All of the plaintiff's exceptions are overruled. The case is remitted to the Superior Court for the entry of judgment upon the decision.

*Walling & Walling*, for plaintiff.

*Frank H. Wildes*, for defendant.