*Harlan & Craddock* for plaintiff: *Owsley & Goodloe* for defendants.

---

DEBT.

## Davis *vs* Connelly's Executors.

Case 31.

ERROR TO THE BOONE CIRCUIT.

*Executors. Pleas and pleading. Judgment.*

October 5.

JUDGE MARSHALL delivered the opinion of the Court.

Case stated.

THIS was an action of debt, brought by Davis against Mary Connelly and Joseph C. Hughes, executors of Thomas Connelly, deceased, upon a judgment obtained against them in the Supreme Court of the State of Ohio, sitting in the county of Hamilton, in said State. The defendants pleaded, in substance, that when the suit in which the judgment had been rendered was commenced, Thomas Connelly was a resident citizen of Boone county, in this State, and lived and died there; that the defendants were appointed and qualified as his executors in said county of Boone; that they were never appointed, qualified or admitted as such, in any Court or judicial tribunal in the State of Ohio, nor did their testator at the time, or after his death, leave assets or estate there; that the proceedings in the record in the suit declared on, were had in the State of Ohio against them as executors under the laws and within the jurisdiction of Kentucky; that there was, at the institution and during the pendency of said suit, no law of the State of Ohio which authorized the suing or reviving a suit already brought, by consent or otherwise, against executors qualified and appointed in another State; that said proceedings were not within the jurisdiction of said Supreme Court of Ohio by the laws thereof, and that the judgment therein is null and void. To this plea the plaintiffs replied, that the suit in Ohio was commenced in Connelly's lifetime, and process duly served upon him therein; that he appeared, pleaded *non assumpsit*, with notice of set-off, and the suit was

prosecuted against him until his death; that after his death, the defendants, acting as his executors and professing to be such, came and entered a voluntary appearance in and to said suit, as his executors, and the same was prosecuted against them on said plea, and notice, to final judgment in favor of the plaintiff, as appears by the record thereof, and so said defendants are *executors de son tort* of said T. Connelly, deceased, and are estopped to deny that they now are and were, at the time of the judgment in said suit, and during its prosecution, executors of said T. Connelly, deceased, and that they are and have been properly and legally sued in this action on said judgment.

A demurrer to this replication was sustained by the Circuit Court, and the only question presented for our consideration is, whether it contains matter sufficient to maintain the action.

There is no doubt that in an action brought upon a judgment, the defendant may impeach the validity of the judgment by showing a want of jurisdiction in the tribunal by which it was rendered : but it would seem to be equally clear, that the judgments of the superior judicial tribunal of one of these States are, *prima facie*, entitled to the presumption in every other State, that they are rendered by competent authority. They cannot, therefore, be impugned by a mere allegation of want of jurisdiction. But he who would defeat a judgment on this ground, must show the want of jurisdiction by appropriate allegations of fact, unless it appear on the face of the judgment or record, which is the basis of the action. By the constitution of the United States, and the act of Congress of May, 1790, made in pursuance thereof, the records and judicial proceedings of each State, shall, when properly authenticated, have the same faith and credit in every other State as by law or usage they have in that in which they take place : and as has been heretofore decided, they are entitled to the same effect in every State: *Fletcher* vs *Ferrell*, (9 *Dana*, 377,) and cases there cited.

In consequence of this principle, the record and judgment now in question are entitled, in the tribunals of this State, to the same faith, credit and effect, as conclusive proof of all the matters therein appearing, that

*Margin notes:*

DAVIS
*vs*
CONNELLY'S
EX'ORS.

In a suit upon a judgment, defendants may show a want of jurisdiction in the Court which rendered the judgment—but a judgment of a superior judicial tribunal of a sister State will, *prima facie*, be presumed to have been given upon competent authority.

DAVIS
vs
CONNELLY'S
EX'ORS.

they are entitled to in the State of Ohio, and can be impugned here only upon the same grounds as would invalidate them there: *Rogers* vs *Coleman*, (*Hardin's Reports*, 413.)  But as the laws of Ohio, which are judicially known to the Courts of that State, are here but matters of fact to be made known by averment and proof, and as the judgment itself must be taken as proving *prima facie*, at least, that it was rendered under the authority of those laws, and in accordance with them, there is this necessary difference in the manner of impeaching it here and there, viz: that the laws of Ohio, in virtue of which the judgment is alledged to be invalid, must here be specially pleaded.  It is not enough, therefore, to say, that by reason of such and such facts, *en pais*, the proceeding was unauthorized, or beyond the jurisdiction of the Court, and therefore void, unless such facts are sufficient of themselves, as by some universal law, to show that the proceeding was entitled to no effect, as if a judgment was rendered against an individual without appearance or notice, actual or constructive.

The general averment at the end of the plea, that the proceeding was not within the jurisdiction of the Superior Court of Ohio, by the laws thereof, is therefore, in itself, insufficient to impeach the judgment, and must be regarded merely as a conclusion drawn from the facts previously averred, and the question on the plea is, whether those facts are sufficient to support this conclusion.  The plea does not say that the proceeding therein described was prohibited by any law of Ohio—much less that by any law of Ohio, such proceeding was declared to be void.  But the averment on this subject may, and in favor of the judgment of a Superior Court perhaps should, be understood as meaning nothing more than that there is no law of Ohio expressly authorizing or providing for such a proceeding; in which case there could be no plausible ground for contending that the proceedings were void, merely because they were not expressly authorized.  It is not pretended that the Court of Ohio had no jurisdiction to ascertain and adjudge the debt in question, if there were before it proper parties, against whom, as representatives of the deceased debtor, it might be adjudged;

Plea to an action of debt upon a judgment of a sister State, averring "that the proceeding was not within the jurisdiction of the Superior Court of Ohio, by the laws thereof, is not a good plea.

DAVIS
vs
CONNELLY'S
EX'ORS.

nor is it in any manner denied, that the defendants were actually before the Court, either by appearance or service of process; nor that the Court had full jurisdiction of the case and the proceeding, if they, the defendants, could be there regarded as the executors of the debtor, and proceeded against as such. And to show that this could not be, they aver that they had never qualified, &c. in Ohio, but were there, foreign executors merely. And why may not a foreign executor be proceeded against in Ohio or any other State? An executor derives his authority from the will and not from the Court which grants the probate or letters testamentary. These are but the evidences of his right and character, and not their cause or basis. Having shown his election to receive the appointment by qualifying in one State, he is executor every where, and may act as such, in many respects, in other States: *Fletcher's administrator* vs *Wier, &c.* (7 *Dana,* 347.) And as an executor, who has elected to administer, may even be sued before probate, (*Williams on Executors,* 165,) why may not an executor who has elected to administer by qualifying in the State of the domicil, be sued in any other State, without probate or formal qualification there?

In the case of *Campbell's administrator* vs *Tousey, executor of Booth,* (7 *Cowen's Rep.* 67,) the Supreme Court of New York consider it unquestionable, that a foreign executor is liable to be sued there. And we certainly are not prepared to admit that the mere circumstance that the defendants were, as to the Courts of Ohio, foreign executors, would put them so entirely beyond the jurisdiction of those tribunals, that the proceedings against them, to which they did not object, should, on that ground alone, be deemed void. As executors, qualified in Kentucky, they were, in fact, the representatives of the testator in Ohio. If it had become necessary for them to make legal proof of their character, then it might have been necessary for them to prove the will and qualify there, or to produce the certificate of probate and qualification in Kentucky, as the laws of Ohio may provide or be understood; and in this aspect of the subject, they might not have been compellable to answer as executors

A resident of Kentucky was sued in Ohio, and died, making executors in Kentucky, who here qualify and become parties by an order of Court to that effect, made at their request, they cannot afterwards, when sued on that judgment in Kentucky, deny that they are executors.

<div style="margin-left:0;">

DAVIS
*vs*
CONNELLY'S
EX'ORS.

</div>

in Ohio, if they were merely foreign executors. But having been recognized as executors of Connelly in the tribunals of Ohio, and by the proceeding against them, and having admitted their character by not denying it, there was not only no necessity for proof in order to authórize the judgment against them, but the record and judgment are conclusive evidence against them for all the purposes and effects of that judgment, that the character which they therein assumed, actually belonged to them.

One sued as executor and defending as such, will be liable as executor *de son tort: Williams on ex'ors.* 138.

But further, it is laid down in *Williams on Executors, page* 138, that if a man sue as executor, or if an action be brought against him as executor, and he plead in that character, this will make him *executor de son tort,* for which *Godolphin and Comyn's Digest* are referred to ; and in *Comyn's Digest, title Administrator, c.* 1, it is 'said that a man is executor *de son tort,* ''if he sue or an. swer to a suit as executor.'' Now whatever may be said of the averment of the plea that the proceedings against the defendants in Ohio were had against them as executors under the laws and within the jurisdiction of Kentucky, the exact import of which it might be difficult to determine, the judgment is against the defendants as executors generally, and the replication states that they, pro. fessing to be executors of Connelly, and acting as such, entered a voluntary appearance in and to the suit, as his executors, &c. as appears by the record ; which record shows that they were proceeded against as executors of Connelly, without other designation, and that their voluntary appearance as his executors, was the ground of the proceeding. Upon the facts stated in the replication, and also in the record, they are estopped to 'deny that they were executors in Ohio. They have voluntarily assumed to be so, by act of record, and in that character sustained the defence of the suit to final judgment against them. Upon the face of the pleadings and the record, they were executors of Connelly in Ohio; and if not lawful executors, they made themselves executors *de son tort,* by their acts ; and whether they could or could not have defeated an attempt at a compulsory revival of the suit against them by timely denial of the character ascribed to them,

it is now too late to retract or deny what they voluntarily and solemnly, not only admitted but assumed to be their character.

If then the plea should be understood as sufficiently averring that there is a law of Ohio which makes void a proceeding against foreign executors as such, the effect of that averment is avoided by the fact shown in the replication, and by the record to which it refers, that the proceeding was not against them in that character, but as executors generally, that is, as executors in Ohio; and whether they were so lawfully or unlawfully, is immaterial to the question of jurisdiction. In either case they are equally estopped from denying the character in which they appeared and defended the suit, and the judgment is equally valid and conclusive against them.

It is only necessary to say further, that the fact, if it be so alledged in the plea, that there never were any assets of the testator in the State of Ohio, does not, in our opinion, affect the validity of the judgment or its enforcibility by action here, as it would undoubtedly have been deemed effectual in Ohio, to authorize an execution against any assets which the defendants may, at any time after its rendition, have had in that State, so it should be deemed sufficient to authorize a judgment against them here, by which the assets in their hands in this State may be reached. As we cannot suppose that the plea that no assets had come to their hands, without more, would have been sufficient to have ousted the Ohio Court of its jurisdiction to render judgment against defendants who admitted themselves to be executors, we cannot admit that the same facts can be alledged with that effect, after judgment, even if it be not concluded by the judgment.

*A Plea to an action against executors, on a judgment against them in Ohio, that there were no assets in Ohio at any time, is not good here.*

It seems to us, finally, that the objection now made to the jurisdiction, is grounded on a mere personal privilege which, if it ever existed, might have been and was positively waived or lost by not being asserted in time.

From this view of the case it follows, that in our opinion, the Court erred in sustaining the demurrer to the replication, and in rendering judgment thereon for the defendant.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings.

*Harlan & Craddock* for plaintiffs: *Owsley & Goodloe* for defendants.

---

MOTION.

*Case* 32.

October 6.

The case stated.