CASE 31—ACTION TO RECOVER DEBT BY GARNISHMENT—MARCH 29.

# Pittsburg, C., C. & St. L. Ry. Co. v. Bartels.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

ACTION BY BARTELS V. P. C. C. & ST. L. RY. CO., AS GARNISHEE.

JUDGMENT FOR THE PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

JURISDICTION—DEBT DUE BY NON-RESIDENT CORPORATION TO NON-RESIDENT DEBTOR.

Held:   A court in this State has jurisdiction to subject by garnishment a debt due to a non-resident defendant by a non-resident corporation doing business in this State.

BARRET GIBSON, ATTORNEY FOR APPELLANTS.

1. A suit by attachment in the ordinary, or garnishment form, can not be maintained in the courts of Kentucky without personal service on the principal defendant, unless there be in this State property or wages upon which the attachment can be levied.

2. Where both the garnishee and the principal debtor are non-residents, and the debt, such as wages, is payable in the State of their residence, and there is no property in this State, the courts of this State are without jurisdiction to proceed by attachment; and a judgment based on such attachment is void.

3. A debt in the ordinary form, or in the form of wages due from one non-resident to another non-resident in the same State, is payable, by legal implication, in the State where the parties reside, in the absence of a place fixed by the contract, and in such case there is no property in this State subject to levy or seizure.

## AUTHORITIES CITED.

Central Trust Co. v. Chattanooga R. & C. R. Co., 68 Fed. Rep., 685; Cooper v. Reynolds, 10 Wall., 318; Pennoyer v. Neff, 95 U. S., 723; Hart v. Sausen, 110 U. S., 151; Arndt v. Grigg, 134 U. S., 316; Grover v. Machine Co., 137 U. S., 287; Wilson v. Seligman, 144 U. S., 44; Scott v. McNeal, 154 U. S., 34; Goldey v. Morning News, 156 U. S., 518; Fitzsimmons v. Johnson, 90 Tenn., 416, 17; S. W., 100; Railroad Co. v. Dooley, 78 Ala., 524; Am. & Eng. Enc. of Law (2d ed.), vol. 3, p. 185; Am. & Eng. Enc. of Law, vol. 8, p. 302; also, 306; Douglas v. Ins. Co., 138 N. Y., 209; 33 N. E., 938, 940; Railroad Co. v. Smith (Miss.),

Pittsburg, C. C. & St. L. Ry. Co. v. Bartels.

12 South, 461; Drake on Attachments, S., 474; Sawyer v. Thompson, 4 Foster, 510; Railroad Co. v. Maggard (Colo. App.), 39 Pac. Rep., 342; Smith v. Boston R. R. Co., 33 N. H., 337, 342; Swedish Am. Nat. Bank of Minneapolis v. Bleecke, 75 N. W., 740.

GARDNER & MOXLEY, ATTORNEYS FOR APPELLEE.

1. We think the entire question in this case depends on whether or not the garnishee can be brought before the court by service of process as provided by the Kentucky Civil Code, sec. 203, as follows: "The order of attachment shall be executed by the sheriff as to a debt or demand by delivering a copy of the order to the person owing it."

2. Under the general law a railroad corporation is a citizen, for purposes of attachment in every place where it operates.

3. In this State, on an obligation to pay money on demand, no demand is necessary before suit is brought.

CITATIONS.

Oldham v. Robinson, 1 B. Mon., 392; Civil Code, secs. 203, 225 and 75; City Nat. Bank v. Gardner, 5 Rep., 689; Paducah Lumber Co. v. Langstaff, 5 Ky. Rep., 445; Ky. Const., 202; Ky. Stats., 571 and 572; L. N. A. & C. Ry. Co. v. Parish, 6 Ind. App., 91; Thorn v. Central R. R. Co., 26 N. J. L., 121; People v. Frederick, 48 Barb N. Y., 176; Baldwin v. The Mississippi, &c., R. R. Co., 5 Iowa, 519; Am. & Eng. Enc. of Law, vol. 21, 124; vol. 4, 206; Datz v. Chambers, 3 Pa. Dist. R., 353; 49 App., 322; 36 N. E., 669; 15 So., 456 Ala.; Central Trust Co. v. Chattanooga R. & C. R. R. Co., 695; Mason v. Bubee, 44 Fed., 559; 33 Pacific, 870; Kirby Carpenter Co. v. Toombley, 59 N. W., 809; Green v. Van Buslick, 7 Wallace, 139-152; The Wyeth Hardware & Mfg. Co. v. Lang., 54 Mo. App., 153; Penn. v. Lord Baltimore, 1 Ves., 444; Massie v. Watts Cranch, 148; Watkins v. Holman, 16 Pet., 25; Carbett v. Nutt, 10 Wal., 464; Pennoyer v. Neff, 95 U. S., 720; Code, sec. 733; Ky. Stats., sec. 460; Leathers v. McGlassen, 3 Mon., 224; Cotton v. Reavill, 2 Bibb, 101; Com. Nat. Bank of Chicago v. Chicago, M. & St. P. R. Co., 45 Wis., 175; Grubbs v. Harris, 1 Bibb, 567; Steele v. Curle, 4 Dana, 383; Davis v. Morton, 5 Bush, 165; B. & M. R. Co. v. Thompson, 31 Kan., 194; Fithian v. Red Co., 31 Pas. St., 114; Bank v. Red Co., 45 Wis., 172; Hannibal & St. J. R. R. Co. v. Crane, 102 Ill.; Nichols v. Hooper, 17 Atl. R., 134; Plimpton v. Bigelow, 93 N. Y., 601; Barr v. King, 96 Penn. St., 485; Nat. Bank v. Huntington, 129 Mass., 444; Canada v. Detrick, 63 Ind., 485; Newman v. Manning, 79

Ind., 218; Balto., &c., R. R. Co. v. Taylor, 81 Ind., 24; Mooney v. Union Pacific Ry. Co., 60 Iowa, 346; Broadstreet v. Clark, &c., C., M. & St. P. R. Co., 65 Iowa, 670; Lyon & Co. v. Callopy, &c., C., M. & St. P. R. Co., 87 Iowa, 567 (1893); B. & M. R. R. Co. v. Thompson, 31 Kan., 194; Larkin v. Wilson, 106 Mass., 120; Brauser v. New England Fire Ins. Co., 21 Wis., 506; H. & St. J. R. R. Co. Garnishee v. Cranem, 16 Western Jurist, 360; L. N. A. & C. Ry. Co. v. Parish, 6 Ind., 91.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

One Gilhooley was indebted to the appellee, Bartels, on a promissory note. The appellant railway company is a foreign corporation doing business in this State. It was indebted to Gilhooley. This action was brought by Bartels against Gilhooley, and an order of attachment was obtained and executed upon the railway company for the purpose of compelling it, as garnishee, to pay the sum due Gilhooley to the plaintiff. As Gilhooley and the garnishee are non-residents, and the debt due from the garnishee to the debtor being payable in Indiana, and, although Bartels is a resident, it is contended that the court did not have jurisdiction to subject the debt attached to the payment of the plaintiff's demand.

We are aware that there is some conflict between the authorities upon the question here involved, but we are of the opinion that the weight of authorities hold that the court has jurisdiction to subject the debt to the payment of the plaintiff's demand. At any rate, the best-reasoned cases take that view of the law. Non-resident corporations, under our law, are placed upon the same footing as domestic corporations. The law requires that they shall have an agent in the State upon whom process can be served. They have no right to do business in the State without having an agent or officer upon whom process

can be served. They are required, in other words, to submit to the jurisdiction of the courts of this State. They get the protection of the laws of this State, and are authorized to transact business as do similar domestic corporations, and they should not be heard to complain because they are compelled to abide by the laws of this State in matters of procedure and remedy. Gilhooley did not file an answer in the case. He was brought before the court by constructive service. It is the railroad company that is here complaining because the court adjudged that it should pay the money in its hands to satisfy the plaintiff's demand. Under our Code of Practice, non-residency of a debtor is a ground for an attachment. Section 203, Civ. Code Prac., designates how an order of attachment shall be served. Sub-section 1 of that section provides how an attachment shall be served upon real property, sub-section 2 as to how it shall be served upon personal property capable of manual delivery, and sub-section 3 reads as follows: "Upon other personal property, by delivering a copy of the order, with a notice specifying the property attached, to the person holding it; or, as to a debt or demand, to the person owing it. . . ." Section 225 of the Code provides that if a garnishee, or officer of a corporation summoned as a garnishee, appear in person, he may be examined on oath; and if it be discovered on such examination that, at the service of the order of attachment upon him, he or the corporation was possessed of any property of the defendant, or was indebted to him, the court may order the delivery of such property, and the payment, or security for the payment, of the sum owing by the garnishee into court, etc. The language of these Code provisions shows that the Legislature intend-

ed them to apply to all corporations,—foreign as well as domestic. The language does not suggest that there is to be an exception in case a foreign corporation should be indebted to a non-resident, and it is summoned as a garnishee. There is no question but what the debtor in this case could have come into Kentucky, and sued the railroad company to recover the amount which it owed him. The courts here would have been open to have granted such relief. If he was entitled to maintain such action, why is not his creditor, especially one who is a resident of the State, entitled to maintain an action to compel the railroad company to pay what it owes the debtor into court, to await its judgment, or to the plaintiff? The courts of Kentucky have universally recognized the right of a creditor to sue his non-resident debtor here, and attach money due him in the hands of a resident. When a foreign corporation comes into the State, and does business here, and can be sued in Kentucky, it ought to submit to the procedure and remedy of the courts of Kentucky, as a domestic corporation would be compelled to do under similar circumstances.

In Railway Co. v. Thompson, 31 Kan., 194, 1 Pac., 622, the court said: "The question in this case is not what is the effect of a judgment against a garnishee, but what ought to be such judgment. Of course no debtor should be required to pay his debt twice; but, at the same time, if he goes into a State outside the State of his residence, and transacts business therein, he must expect, as to all matters of procedure and remedy, to abide by the laws of that State. He may not claim the privileges and the protection of the laws of the State into which he enters and transacts business, without submitting to the burdens

and obligations of such laws. Coming into this State to transact business, he must abide by the exemption laws of this State; and when a party who, for aught that appears, is a citizen of this State, invokes the process of our courts and the rules of our statutes to secure the payment of a just debt, a garnishee may not reply that by the laws of the State where he resides, and where his employe also resides, his debt to such employe is exempt from all garnishee process. It can not be doubted that the courts of the State where he resides will respect a judgment rendered against him in this State, provided he has made a perfect and full disclosure, and a reasonable defense against the claim presented." The court further said: ". . . As to the liability of a defendant to garnishee proceedings like this, it must be sustained. Whatever doubts may have existed in some States, it seems to us clear that a corporation or individual coming into this State, having property and transacting business here, becomes liable to garnishee proceedings. A mere debt is transitory, and may be enforced wherever the debtor or his property may be found; and, if the creditor can enforce the collection of his debt in the courts of this State, a creditor of such creditor should have equal facilities." To sustain the conclusion the cases of Brauser v. Insurance Co., 21 Wis., 506; Fithian v. Railroad Co., 31 Pa., St. 114; Commercial Nat. Bank v. Chicago, M. & St. P. Ry. Co., 45 Wis., 172; Railroad Co. v. Crane, 102 Ill., 249,— were cited. In the case of Mooney v. Railroad Co., 60 Iowa, 346, (14 N. W., 343), the court had under consideration a similar question to the one here involved, and said: "It is contended by counsel for appellant that the debt from the railroad company to Rollins was not liable to at-

tachment, because its situs was not in this State, but in the State of Nebraska. The facts show that the money due Rollins was earned in Nebraska, and that he was a resident of that State, and that it was the custom of the railroad company to pay the wages of such employes within the State of Nebraska. The doctrine that a debt can have no locality separate from the party to whom it is due is applicable upon the question of the situs of credits for the purposes of taxation. Such is the case of State Tax on Foreign-Held Bonds, 15 Wall., 300, 21 L. Ed., 179, and other authorities cited by counsel for appellant. But this rule, or 'legal fiction,' as it is denominated in the books, can not be applied in this State to attachment proceedings against non-resident defendants. To do so would be to abrogate the sections of the statute above cited, because, if all debts must be located with and attach to the person of the debtor, there could be no garnishment of a person in this State owing a debt to a person resident of another State. As is said in Green v. Van Buskirk, 7 Wall., 139, 19 L. Ed., 109, attachment laws 'necessarily assume that property has a situs entirely distinct from the owner's domicile.' . . . And we think if the defendant, Rollins, could have maintained an action against the appellant in this State for the recovery of his wages, it follows that the debt was within this State, and subject to attachment. Whether he could have maintained such action does not depend upon the question as to the custom to make payment in Nebraska, but whether appellant was subject to the jurisdiction of the courts of this State."

It has been suggested, however, that, if the railroad company is compelled to pay this money to the plaintiff, Gil-

hooley may sue it and compel it to pay it again.  This question is answered in Plimpton v. Bigelow, 93 N. Y., 601, wherein the court said:  "There may be no difficulty, upon principle, in compelling a corporation which has an agent and officer in another State, and is transacting business there, to respond in garnishment proceedings for the debt, although the creditor—the principal defendant—is a nonresident; and, if bound to respond, it is certainly just that the judgment which compels the corporation to pay the debt to the plaintiff should protect it in making such payment, against a subsequent claim by its creditor."

Numerous cases could be cited in support of the conclusion we have reached in this case.  Gilhooley did not plead that  he was entitled to hold the money due him from the railroad company as exempt from the payment of his debts under the laws of Indiana.  Therefore we do not have before us that question.  The judgment is affirmed.