COURTNEY v. PRADT et al.

(Circuit Court, E. D. Kentucky. January 19, 1903.)

FOREIGN EXECUTORS—ACTIONS AGAINST.

In the absence of statute expressly authorizing suit to be brought against a foreign executor, such an executor, not having taken any steps to collect nonresident assets, cannot be sued in a state other than that wherein he was appointed.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2344.

Citizenship of executors and administrators as affecting jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 252.]

W. B. Dixon, for plaintiff.
R. D. Hill, for defendants.

COCHRAN, District Judge. This is a suit by a creditor of a partnership, one of whose two members is dead, against his executor and the surviving partner, seeking to obtain payment of his debt. Both defendants are nonresidents of this state, and were so when the suit was brought. The decedent was likewise a nonresident at the time of his death, and the defendant executor was appointed and qualified as such in the state of decedent's domicile, to wit, the state of Wisconsin. The suit was brought originally in the Powell circuit court, and has been removed to this court by the defendants on the ground of diversity of citizenship. Each defendant was brought before the state court by constructive service of process, and neither entered his appearance to the suit. An attachment was sued out and levied on stock owned by the decedent in a Wisconsin corporation doing business in this state, and an indebtedness on the part of said corporation to him, by serving the writ of attachment upon its agent in this state, designated in accordance with the requirement of section 571, Ky. St. 1903. It was not levied upon any property of the surviving partner, the other defendant. It is therefore a suit to subject the stock in and claim against said foreign corporation to the payment of said indebtedness by means of this attachment.

The defendants move to dismiss the suit because its predecessor, the state court, acquired no jurisdiction, by virtue of the proceed-

ings had therein, of the subject-matter of the suit or the persons of defendants. It is certain that the state court had no jurisdiction so far as William C. Atwater, the surviving partner, was concerned, unless it had jurisdiction of the suit as against the foreign executor of the deceased partner. It is not alleged that William C. Atwater has any property in this state, and the attachment has not been levied upon any property of his, save so far as he may be interested in the property levied on as the property of the deceased partner. The suit should be treated, therefore, as if it were a suit against the foreign executor alone.

It is claimed by defendants that the state court acquired no jurisdiction of the suit so far as said defendant was concerned, upon two grounds. One is that, by reason of the fact that the garnishee is a foreign corporation, the decedent's stock in and claim against it is not subject to attachment and subjection to payment of plaintiff's indebtedness against the partnership in the courts of the state. The case of N. J. Sheep & Wool Co. v. Traders' Deposit Bank, 104 Ky. 90, 46 S. W. 677, seems to support defendants' position as to the stock, and the case of Pittsburg, C., C. & St. L. Ry. Co. v. Bartels, 21 Ky. Law Rep. 1670, 56 S. W. 152, seems to be against their position as to decedent's claim against the foreign corporation. The case is attempted to be distinguished from this case on the ground that the foreign corporation there had property in this state, and had been served with the writ of attachment in accordance with section 203 of the Civil Code, whereas the foreign corporation here has no property in this state, and was served with the writ of attachment in accordance with section 571, Ky. St. 1903. To say the least, I doubt whether either or both of these considerations are sufficient to differentiate that case from this, and there is room for claiming, irrespective of that case, that, if the state court has jurisdiction of a suit against a foreign corporation on behalf of decedent or his estate, it also has jurisdiction of a suit on behalf of a creditor of decedent seeking to subject decedent's claim against the corporation to payment of his debt, or, in other words, that the fact that the foreign corporation is liable to be sued in this state was sufficient to give its indebtedness a situs in this state for purpose of garnishment in the courts thereof. I do not find it necessary to commit myself further as to this ground upon which it is claimed by defendants the state court had no jurisdiction of this suit.

The other ground is that, because the claim garnished is a decedent's estate, it was not subject to attachment. I confess that at first I was clearly of the opinion that the position was well taken. The argument of counsel for plaintiff, however, has a tendency to bring me to the conclusion that it is not. It is that the statutory provisions requiring a ratable distribution of a decedent's estate amongst his creditors do not have the effect of prohibiting a creditor from suing and obtaining an attachment before judgment and execution after judgment by which he will secure a preference. The only way in which such preference can be prevented is by suit

in equity to settle the estate, and an injunction against the institution or prosecution of such a suit. As to the correctness of the contention of plaintiff's counsel in the particular, I do not find it necessary to commit myself. Likewise as to his contention that without an attachment plaintiff had a right, upon constructive service alone, to subject the foreign corporation's indebtedness to payment of plaintiff's claim. It would seem, however, that, if this is so, the foreign corporation should have been made a defendant. And, as bearing on the question, see Judge Bullitt's note to section 418 of the Civil Code.

The reason why I have not found it necessary to dispose of these contentions of counsel more definitely is that there is one ground upon which it can be claimed, without question, the state court had no jurisdiction of the suit as against the defendant executor, and hence not at all, and that ground is that he is a foreign executor. The law in regard to the right of foreign representatives of decedent's estate to sue and be sued in other jurisdictions than those in which they were appointed is thus stated by Mr. Justice Story in Vaughan v. Northrup, 15 Pet. 1, 10 L. Ed. 639:

"It has become an established doctrine that an administrator appointed in one state cannot in his official capacity sue for any debts due to his intestate in the courts of another state, and that he is not liable to be sued in that capacity in the courts of the latter by any creditor for any debts due there by his intestate."

This law has been recognized and applied in this commonwealth. Because of it, it has been held that a foreign personal representative could not sue to recover a debt due the decedent without complying with the terms of sections 3878 and 3879, Ky. St. 1903 (Marrett v. Babb, 91 Ky. 88, 15 S. W. 4), and that a foreign personal representative could not sue at all in this state to recover an asset of the estate which did not constitute a debt due the decedent (Maysville St. R. R. & T. Co. v. Marvin, 59 Fed. 91, 8 C. C. A. 21; L. & N. R. R. Co. v. Brantley, 96 Ky. 297, 28 S. W. 477, 49 Am. St. Rep. 291). That a suit cannot be brought in this state against a foreign personal representative is expressly decided in the case of Baker v. Smith, 3 Metc. 264. It is true that this suit is against him to subject an asset claimed to have a situs in this state. But that can make no difference. The resident creditors of a nonresident decedent have ample provision made for subjecting assets having a situs in the state to the payment of their debts. They can obtain administration on the decedent's estate in this state, and thereby so subject those assets. And the foreign personal representative cannot sue at all for some, and for those for which he can sue he is required to give bond that will protect local creditors. It is therefore not necessary, in order to protect them, that such a novel proceeding as a suit against the foreign personal representative should be upheld. I am not aware of any authority justifying such a proceeding.

It seems to me, therefore, that the motion to dismiss the suit because of want of jurisdiction in the state court to entertain the suit should be sustained. There is no doubt that, if such want of juris-

diction exists, this court has the power to dismiss the suit. I am not bound to remand the case and let the state court determine the question. By reason of the diversity of citizenship and compliance with the removal statutes, this court has acquired the right to determine that question and to act accordingly.

But it is contended by counsel for plaintiff that the case was not removable within the principles applied in the case of Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804, and should therefore be remanded. He has made motion to that effect upon this idea. But this case does not come within the case of Cates v. Allen. That was a suit in a state court of Mississippi, brought by a creditor attaching an alleged fraudulent conveyance of his debtor. He had not obtained a judgment and return of no property found. A statute of Mississippi authorized the suit without such preliminary return. A suit in equity cannot be brought without it. The case was removed to the federal court. It was held by the Supreme Court that the case should be remanded, because it was not a suit in equity within the removal statute, and the state court under the statute had jurisdiction of it. If such a suit as that brought herein is maintainable, it is a suit at law. The mere fact that an attachment is sued out in it does not make it a suit in equity. The early attachment statutes of Kentucky may have provided that the suit should be in equity. But the present attachment statutes do not so provide, and they more frequently find application in actions at law than in suits in equity. And, even if it were a suit in equity, the Case of Cates v. Allen is not an authority against the position tha: the federal court would have jurisdiction in equity in such a case. It would seem to come within the case of Holland v. Challen, 110 U. S. 15, 3 Sup. 495, 28 L. Ed. 52, and similar cases.

The motion to remand is therefore overruled.

As the position taken in regard to this being a suit against a foreign executor, and hence not maintainable, has not been considered by counsel for plaintiff in his brief, he will have an opportunity to be heard in regard thereto, if he so desires.

Counsel for plaintiff have availed themselves of the leave granted them in the former opinion to be heard as to the position taken therein that this suit cannot be maintained because it is against a foreign executor, and contend that that position is not well taken. In support of their contention they cite the following decisions of the Court of Appeals of Kentucky, to wit: Keiningham v. Keiningham, 71 S. W. 497, and Davis v. Connelly's Ex'r, 4 B. Mon. 136; and the following decisions elsewhere, to wit: Laughlin v. Solomon, 180 Pa. St. 179, 36 Atl. 704, 57 Am. St. Rep. 633; Tunstall v. Pollard's Adm'r, 11 Leigh, 1; Marcy v. Marcy's Ex'r, 32 Conn. 308; Brown v. Knapp, 79 N. Y. 140; Lake v. Hardee, 57 Ga. 467; Bank of Mobile v. McDonald, 22 Ala. 476; Cady v. Bard, 21 Kan. 667; Lewis v. Reed, 11 Ind. 242; Mitchell's Lessee v. Eyster, 7 Ohio, 257, pt. 1. The cases of Mitchell's Lessee v. Eyster, 7 Ohio, 257, pt. 1, Cady v. Bard, 21 Kan. 667, and Bank of Mobile v. McDonald, 22 Ala. 476, are not applicable here, because in each instance

there was a statute in the state where the case arose and was decided authorizing a suit against a foreign executor or administrator. In the Kansas case the statute was in these words:

"An executor or administrator duly appointed in any other state or country may sue or be sued in any court in this state in his capacity of executor or administrator, in like manner and under like restrictions as a nonresident may be sued."

In the Ohio case it was in these words:

"In the case of a debtor residing out of the state the writ of attachment as above provided may issue against his heirs, executors, or administrators."

In the Alabama case it was in these words:

"And in case of the death of any debtor residing out of the limits of this state, having lands or other property therein, the creditors resident within the state shall in like manner be entitled to recover by attachment against the executors and administrators."

The Ohio and Alabama statutes do not as plainly as the Kansas statute authorize a suit against a foreign executor or administrator, but there is no room for question but that those statutes were intended to, and did, authorize suits against foreign executors and administrators. There is no such statute in this state, and it is not contended that there is. Those three cases, therefore, have no application here.

In the case of Lewis v. Reed, 11 Ind. 242, a suit was brought against a nonresident of Indiana, who had been appointed administrator in this state, in his individual capacity. In the course of the opinion the court say:

"Another position is taken by counsel in the case, viz., that Lewis should have been sued, if at all, as administrator, and not in his individual capacity. A foreign administrator is liable to be proceeded against by attachment, and perhaps the complaint in this case might well be regarded as against Lewis in that capacity."

It is evident from this that there was a statute in Indiana authorizing a suit against a foreign administrator by attachment; so that, if that case had involved a suit against a foreign administrator in his capacity as such, it would have to be classed with the three cases just considered, and held to be nonapplicable here.

The case of Brown v. Knapp, 79 N. Y. 140, was a suit in New York by a legatee against an executor of a Connecticut testator, who had qualified as such in that state, but who resided in New York, to whom a devise had been made, coupled with an obligation to pay the legacy and interest thereon, to recover the interest. It was held that the executor was individually liable for the legacy and the interest thereon, and the fact that he was sued as executor could be ignored, and the suit treated as against him individually. This case certainly has no applicability here.

The cases of Lake v. Hardee, 57 Ga. 467, Tunstall v. Pollards Adm'r, 11 Leigh, 1, and Laughlin v. Solomon, 180 Pa. 179, 36 Atl. 704, 57 Am. St. Rep. 633, were all cases of suits against foreign executors who had removed to the state where the suits were instituted, and brought with them assets collected in the jurisdiction

where appointed, and were liable for assets so collected. In the Georgia case the executor was also trustee under the will, and was sued as trustee, though he was treated as if sued as executor. There are other decisions to the contrary of this, as, for instance, Peterson v. Chemical Bank, 32 N. Y. 21, 88 Am. Dec. 298, and Hedenberg v. Hedenberg, 46 Conn. 30, 33 Am. Rep. 10.

As to the weight of authority on this proposition, it is stated in Minor, Conflict of Laws, 236, that:

"If an administrator, appointed in one state, removes with the assets of the estate into another state, the courts are divided upon the question whether or not the decedent's creditors may sue the administrator in the latter state without a reappointment, the weight of authority seeming to favor the right of the creditors to sue. But if the administrator should only come into the state transiently or temporarily, the better opinion would seem to be that no action will lie against him there without a new appointment."

The ground upon which the right to sue the foreign executor in such a state of the case is based is necessity. As the foreign executor has removed to the state where suit is brought, having wasted the assets collected in the foreign jurisdiction, or brought them with him, if he cannot be sued there, he cannot be sued at all. In the Virginia case Judge Tucker said:

"Upon a full review of the whole subject, I am of the opinion that justice, convenience, and necessity require a recognition of the right to sue an executor who has qualified abroad, if he comes within the jurisdiction bringing the assets with him."

The Kentucky case of Keiningham v. Keiningham, 71 S. W. 497, and the other Kentucky cases cited in the opinion in that case, are all cases of the same sort; and Mr. Minor cites the cases of Atchison v. Lindsey, 6 B. Mon. 86, 43 Am. Dec. 153, and Embry v. Millar, 1 A. K. Marsh, 300, 10 Am. Dec. 732, along with others, as justifying his statement that the weight of authority is in favor of the right to sue in such a case.

If necessity is the ground of suit in such a case, the pendulum of authority might well swing to the other side, if the executor sued is only transiently or temporarily within the state, as Mr. Minor states it has done. And, if such is the ground of the right to sue in such a case, authorities holding that a right to sue exists in such a case are not authorities in support of the contention here, that a foreign executor or administrator may be sued in relation to assets located within the state where the suit is brought. For, in relation to such assets, no such suit is essential in order to reach them.

The only other authority cited by counsel for plaintiff from other jurisdictions than Kentucky, not yet considered, is the case of Marcy v. Marcy's Ex'r, 32 Conn. 308. That case was a suit in Connecticut against a Massachusetts executor, who had collected assets in Connecticut and had removed to or lived in that state. The case of Campbell v. Tousey, 7 Cow. 64, was a suit in New York against a Pennsylvania executor, who had collected assets in New York and removed there. The two cases were alike in their essential characteristics. It was held in both cases that the foreign executor could be sued. They differed in this, however, that in the New York case it was held that he would be

sued as executor de son tort, whereas in the Connecticut case it was held that he might be sued as executor de jure. In the Connecticut case Judge Butler said:

"Most of the cases in which it has been held that a foreign executor could not be sued were cases where there were no assets in the jurisdiction where the suit was brought, and there was an attempt to charge him in respect to assets situate in the state or county of the domicile. Here there were assets in the state which the defendant had collected, and which the plaintiff, as creditor, was entitled to have appropriated to payment of his debts; and why should he not be suable here, if at all, for that reason, and holden to that extent as executor de jure? He was such, and could not and did not deny it, and not by grant of administration, but by force of the will. He was suable before probate as executor de jure in Massachusetts, as every executor is who does not renounce, and his condition was substantially the same here. He is sued as executor or generally in either case, and why resort to legal fiction and estoppel when it is entirely unnecessary? Grant that it is necessary in respect to a foreign administrator, it is not so in respect to an executor."

In the case of Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457, 12 L. R. A. 237, Judge Finch, in speaking of the law as laid down in the case of Campbell v. Tousey, said:

"Before the Code, and before the Revised Statutes, the foreign executor who came into our jurisdiction and intermeddled with assets here could be sued as executor de son tort. The law regarded him not as a foreign executor, but an executor here, having made himself such by his own wrongful conduct."

But as to which position is correct, whether he should be sued as executor de son tort or executor de jure, the ground of suability at all is the fact that he had collected the assets. If he has not collected the assets, these decisions are not authorities that he is suable at all.

This disposes of all the cases cited by counsel for plaintiff, except the Kentucky case of Davis v. Connelly's Ex'r, 4 B. Mon. 136. In that case it was simply held that a judgment rendered in Ohio against Kentucky executors, in a suit in which they had voluntarily appeared and made defense, was binding upon said executors, and that they might be sued upon it in Kentucky. There is nothing in the point there decided that has any bearing upon the question involved here.

This consideration of the authorities cited shows that none of them are applicable here, or contravene the position taken in the former opinion, and I do not think that any authorities can be found that do. The general rule as to the suability of foreign executors or administrators is thus stated in 13 A. & E. Enc. of Law (2d Ed.) p. 957:

"An executor or administrator cannot be sued in his representative character, unless he is made liable by statute, either at law or in equity, in the courts of any state or country other than that in which he has received his appointment."

It is thus stated in Minor on Conflict of Laws, p. 235:

"It is the general doctrine, both in England and America, that no suit can be brought by or against an executor or administrator in his official capacity in the courts of any country save that from which he has derived his authority to act by virtue of the letters of probate or of administration there granted him."

Instances of statutes making him liable in the courts of another state than that in which he received his appointment are found in the cases cited by plaintiff's counsel, considered above. Those cases show, also,

an exception to the general rule quite generally held in the case of a foreign representative who has collected assets in the jurisdiction where appointed, and wasted them or brought them with him to the jurisdiction where suit is brought and there settled—an exception recognized as a matter of "justice, convenience, and necessity." They show, also, an exception in the case of a foreign representative coming into the jurisdiction where suit is brought, and, without administering there, collecting assets subject to that jurisdiction. That, apart from the consideration of his having collected assets there, he is not liable to suit in relation to such assets, nor can such assets be reached through a suit brought against him, is clear. Mr. Minor, in his work on Conflict of Laws, p. 236, says:

"If a creditor of a decedent wishes to sue in a foreign state to reach assets situated there, he must have letters of administration taken out there before the suit can be instituted. He cannot, in general, sue a domestic administrator in a foreign court or a foreign administrator in a domestic court."

Story's Conflict of Laws (8th Ed.) p. 715, thus states the law as to this.

"If a creditor wishes suit to be brought in any foreign country in order to reach the effects of a deceased testator or intestate situated therein, it will be necessary that letters of administration should be there taken out in due form, according to the local law, before the suit can be maintained; for the executor or administrator appointed in another country is not suable there, and has no positive right or authority over those assets; neither is he responsible therefor."

It is certain, and conceded by counsel for plaintiff, that a foreign representative of a decedent could not bring suit to recover such assets because of his foreign credentials. It would be strange, such being the case, that he could be sued in relation to such assets, or such assets could be reached in a suit against him, simply because of the existence of such foreign credentials, without more.

The ground upon which a foreign representative cannot sue or be sued in another jurisdiction is thus stated by Judge Finch in the case of Hopper v. Hopper, supra:

"By the phrase 'foreign executor,' the court means the foreign origin of the representative character. That is the sole product of the foreign law, and, depending upon it for existence, cannot pass beyond the jurisdiction of its origin. The individual may come here and acquire rights or incur liabilities, since we recognize in him no representative character. The foreign executor may make a contract here which our courts will compel him to perform because it is his contract; but, where it is the testator's only, he cannot sue or be sued upon it, since the right or the liability is purely representative, and exists only by force of his official character, and so cannot pass beyond the jurisdiction which gave it."

This being so, there is no room for holding that this suit is maintainable against the defendant executor. There is no statute in this state rendering a foreign executor or administrator suable therein. Section 3878 and 3879, Ky. St. 1903, provide for his suing herein upon taking certain steps. If he takes such steps, he cannot only sue therein, but is liable to be sued therein even by a nonresident creditor, as was held in New York in the case of Hopper v. Hopper, supra. Sections 3898, 3899, and 3900, Ky. St. 1903, provide for administration

upon the assets of a nonresident decedent located in this state. By either procedure creditors of a nonresident decedent can subject assets located in this state to the payment of their debts. This procedure is ample to secure them in their debts. But whether so or not, there is none other. The Legislature of Kentucky has not seen fit to provide that suits may be brought against foreign executors or administrators and attachments obtained against the estates of their decedents located in the state, as has been done in the states of Kansas, Ohio, Alabama, Indiana, and perhaps in other states. In the absence of such a statute, no such suit can be brought in this state. And I think the case of Baker v. Smith, 3 Metc. 264, cited in former opinion, is directly in point here. The facts of the case are meagerly stated in the opinion. But it cites the extract from Story quoted above in support of the decision there made and the reasonable inference is that it was a suit against a foreign representative to subject assets in this state, or to render him liable on account of assets therein. And, whether so or not, it expressly lays down the only condition upon which a foreign representative can be sued in this state, and this case does not come within that requirement. Judge Duvall said:

"An administrator or executor who is appointed, who qualifies in another state, and there receives assets into his hands, may be sued in the tribunals in this state by the person or persons entitled to such assets, if he shall have removed to and settled in this state. Such seems to be the well-settled doctrine. But the right to sue a foreign administrator has never been extended further."

If, then, it be conceded that the liability of the nonresident corporation doing business in this state to the decedent, Atwater, is an asset located in this state, and that it is allowable for a creditor of decedent to sue out an attachment against his property in a suit against his personal representative—the latter of which two conditions, at least, I very seriously doubt—still this suit cannot be maintained, because it is a suit against a foreign executor who has never collected said asset, and has never complied with sections 3878 and 3879, Ky. St. 1903, so as to be authorized to sue for it, and there is no statute in this state authorizing such a suit. I must therefore adhere to my former opinion.