**Eugenia D. HAMILTON (Now Bassett), Appellant,**

**v.**

**Jack M. HAMILTON and St. Regis Paper Company, Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

C. M. Leibson, Leibson, Dolt & McCarthy, Louisville, for appellant.

E. L. Phillips, Cecil Davenport, William D. Lambert, Squire R. Ogden, Louisville, for appellees.

OSBORNE, Judge.

This case represents a classic example of the difficulty a divorced mother has in col-

lecting child support payments when the father is not willing to make them. The record having been compiled over a period of 12 years is somewhat lengthy and confusing, however, we will attempt to set out step by step the action taken by the mother to collect for her child's support.

The parties, Eugenia D. Hamilton (now Bassett) and Jack M. Hamilton, were married on June 12, 1946, in Albany, Kentucky. On March 26, 1960, Eugenia Hamilton instituted suit for divorce in the Jefferson Circuit Court and for custody of Pamela Jeanne Hamilton, who, at the time, was four years of age. The parties entered into a separation agreement wherein they divided what property they had at the time and agreed that the mother should have custody of the child and that she would forego any claim for alimony providing the father would pay $200 per month for the support of the child. This agreement was signed March 26, 1960, and made a part of the judgment in the case which was entered on September 12, 1960.

On December 8, 1964, the husband filed a motion in the Jefferson Circuit Court to require the wife to show cause why the maintenance payments for the child should not be reduced from $200 per month to $100 per month. This was duly assigned to a commissioner for a hearing. The commissioner made findings of fact which were pertinent to the situation here. He found:

1. At the time the original agreement was entered into, the husband's gross salary was $9691 per annum; in 1962, it was $8949.11; in 1963, it was $9525; in 1964, it was $9887.50 and upon the date of the hearing it was $9214.68.

The mother's income at the time of the hearing was $50 per week. Her monthly expense for upkeep of her home was $314.20. The direct expense incurred by the mother for the keeping of the child, not counting incidentals, was $141.15 per month. The commissioner recommended that the motion to reduce the maintenance

be dismissed. This recommendation was confirmed by the court in its order entered on March 29, 1965, and the motion for reduction was dismissed.

On October 14, 1965, the plaintiff, Eugenia Hamilton, moved the court for a rule against the defendant to show cause why he had failed to make payments for the support of the child and why a common-law judgment in the amount of $1100 should not be rendered against him. It was alleged by her at the time that the defendant had made no payment in any amount for the months of March, April and May 1965, and only made partial monthly payments in the amount of $75 for the months of June, July, August and September of 1965, thereby making him in arrears in the amount of $1100. This motion was submitted to a commissioner who held a hearing and on October 26, 1965, found that the plaintiff was $1125 in arrears and recommended that a common-law judgment in that amount be entered for the plaintiff.

On November 11, 1965, the court confirmed the commissioner's report, found the amount in arrears to be $1225, entered judgment for this amount and awarded interest at 6% per annum. In its order the court held the defendant in contempt for not making the payments and awarded an execution for the enforcement of the judgment. Following this, on April 16, 1970, an affidavit of the plaintiff was filed with the court requesting that she be awarded a garnishment against the defendant's employer, the St. Regis Paper Company, for the purpose of collecting the judgment. Garnishment was approved by the court and issued against the paper company on April 17, 1970. The paper company filed a response in which it contended that no money was owed the defendant in Kentucky. A legal controversy ensued between the wife and the St. Regis Paper Company as to whether it should legally be required to respond to the garnishment. This was litigated and the court determined that the

paper company, because of its Kentucky operation should respond.[1]

On May 14, 1970, the plaintiff again moved the Jefferson Circuit Court for an order holding the defendant in contempt, at which time she alleged that since November 11, 1965, the defendant had only paid $75 per month for support of the child and that as of the date of this motion he was in arrears in the amount of $6625.

On June 19, 1970, following a hearing, the commissioner of the court entered an order wherein he cited the history of the case; noted that the defendant failed to act in response to the rule; noted that the defendant presently was employed by the St. Regis Paper Company in New York City in an executive capacity and that he had made no effort to support his daughter, who was now 15 years of age. The commissioner recommended that the court hold the defendant in contempt and that the plaintiff be awarded a judgment in the amount of $6875 and that she be allowed an attorney's fee in the amount of $2500. This report was recorded in the clerk's office on June 22, 1970, with a motion that it be confirmed.

On August 4, 1970, the court having not acted upon the commissioner's report, the defendant, Jack M. Hamilton, moved the court to determine that he had been paying pursuant to a valid court order and to limit recovery of the plaintiff to a period of time not covered by the order or, in the alternative, to set the case down for an additional hearing.[2]

The next proceeding which appears in the case was on September 29, 1970, wherein the judge of the Jefferson Circuit Court entered an order as follows:

"IT IS ORDERED as follows:

1. That the attachment herein pursuant to which the garnishee, St. Regis Paper Co., paid $677.61 to the Clerk herein be and it is sustained, all other attachments are hereby discharged.

2. That the Clerk deduct from said sum of $677.61 the unpaid costs herein, and remit the balance to Eugenia D. Hamilton and C. M. Leibson Jointly.

3. That no further attachments issue herein without written approval of the Court.

4. That the within action be and it is assigned to 1:30 P.M., Thursday, November 5, 1970, before this Court for a determination of the amount of child support the defendant should have been and should be paying.

5. That any charges of contempt pending against St. Regis Paper Co. be and they are discharged."

It appears the next proceeding was on November 5, 1970, wherein the court entered the following order:

"IT IS ORDERED AND ADJUDGED as follows:

1. That plaintiff recover of defendant $1225 (the judgment of November 11, 1965) plus interest of $367.50, credited by the sum of $539.11 (out of garnished wages) as of October 13, 1970; plus a fee of $150 for her attorney.

2. That the defendant having paid, and plaintiff received without further litigation, the sum of $75 per month

1. The St. Regis Paper Company is the defendant's employer. It is a New York Corporation and at the time the attachment was issued the defendant was employed in New York and made his home in New Jersey. The paper company had a process agent in Kentucky and was actually engaged in business in this state.

2. It appears from the record that defendant in this motion was referring to an order which previously had been entered in the courts of Florida pursuant to a Uniform Support of Dependents proceeding wherein the courts of Florida adjudged that he could not be extradited from that state as long as he paid $75 a month on the Kentucky judgment.

from 1965 or 1967 (the date of the Florida Circuit Court order) to May 1970, no arrearage is due for said period.

3. That effective May 14, 1970 (the date of filing for current rule for arrearage) until further order of Court, defendant pay plaintiff $100 per month child maintenance.

4. That NO ATTACHMENT issue herein without written approval of the Court."[3]

Following entry of the judgment on November 5, 1970, plaintiff moved the court to make the order entered on November 5, 1970, a final and appealable order and to enter the statement of facts on which that judgment was based. This motion was approved and the statement of facts as follows was entered on November 16, 1970:

"At the hearing of this case on November 5, 1970, the defendant, Jack M. Hamilton, testified under oath before the Court to the following facts:

1. At present his employment is with the St. Regis Paper Company as Industrial Relations Manager, at a salary of $20,500 per year.

2. At the time of the divorce, his salary was not more than $12,000 per year.

3. He is owner of a house in New Jersey purchased at a cost of $64,000 in which he has a $20,000 equity.

4. He voluntarily stopped making payments of the Court's judgment of $200 per month sometime in 1965 and before any court order permitting him to do so. He started paying $75 per month as child support as of that time and continued to do so thereafter."

■ From the foregoing it appears that the trial court reduced the monthly payments for the support of the child from $200 per month, which had been agreed to in 1960 at a time when the father was making approximatley $9000 per year, to $100 per month in 1970 at a time when the father was making $20,500 per year, without any finding of fact or conclusions that would justify such reduction. We are of the opinion that this constituted an abuse of the court's discretion and so much of the order as reduced the payments is hereby set aside. We are further of the opinion that so much of the judgment as adjudged that there was no arrearage from the date of the Florida court judgment to May 1970 is clearly erroneous and it is hereby set aside. It is also ordered and adjudged that so much of the order that places limitations on the rights of the plaintiff to satisfy this judgment are clearly erroneous and are accordingly set aside.

■ It appears that the court may have been misled by the Florida judgment. The Florida court was proceeding under the Uniform Support of Dependents Act which has been adopted by both Kentucky and Florida. Under this Act the court had no authority to change or alter the Kentucky judgment. The Act provides:

"Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

See KRS 407.350 and Florida Statutes Anno. 88.281.

■ For the foregoing reasons this case is remanded to the Jefferson Circuit Court with directions to enter a judgment in accordance with this opinion and proceed to the enforcement of such judgment. We are further of the opinion that the St.

3. Except for the statement of the court in the findings of fact there is nothing in this record to indicate that any evidence was heard by the court subsequent to the hearing held before the commissioner on the 19th of June.

Regis Paper Company is subject to proceedings by way of garnishment against the wages of the father. The courts of this state have personal jurisdiction of the paper company by virtue of the fact that the company is doing business in the state. Since the employee has the right to claim his wages in any state where the employer may be found, the wages become subject to attachment. Pittsburgh C. C. & St. L. Ry. Co. v. Bartels, 108 Ky. 216, 56 S.W. 152 (1900). See, also, 6 Am.Jur.2d, Attachment and Garnishment, section 25.

Judgment reversed with directions.

All concur except NEIKIRK, J., who was not sitting.