COMMONWEALTH of Kentucky, ex rel. Ann Marie BALL, Appellants,

v.

Thomas L. MUSIAK, Appellee.

No. 88–CA–1871–DG.

Court of Appeals of Kentucky.

Aug. 25, 1989.

Mary Hatcher, Asst. Hardin County Atty., Elizabethtown, for appellants.

Christopher J. Gohman, Radcliff, for appellee.

Before GUDGEL, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This case is on discretionary review to determine if a Kentucky court, acting as a responding court in an action filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), may increase the amount of child support from the level set by the original decree.

The appellant, Ann Marie Ball, and the appellee, Thomas L. Musiak, were divorced in 1974 by a New York judgment. Custody of the parties' only child, then two years old, was granted to the appellant, and the appellee was ordered to pay $20.00 per week child support and maintain medical and hospitalization insurance on the child. In 1986, the appellant instituted in New York a URESA proceeding seeking arrearages, child support of $200.00 a month, and medical and dental coverage for the child. The New York court found that the appellee owed a duty of support as alleged in the appellant's petition, and certified the action to the clerk of the Hardin Circuit Court. The appellee resisted the effort to increase child support payments, arguing that such action cannot be taken in a URESA proceeding. The district court agreed with the appellee and denied the motion to increase "due to the lack of this Court's jurisdiction to increase said amounts." The circuit court affirmed, holding that URESA provides solely a procedure for enforcement of a child support order, and not for modification of a support order.

The purpose of URESA is to facilitate enforcement of support obligations across jurisdictional lines. See KRS 407.010(2). The obligee has two options for seeking enforcement of a support order. One avenue of relief, and that used by the appellant in this action, is to file a complaint in the initiating court in the obligee's home state. KRS 407.180. The initiating court, after finding the complaint sets forth facts from which it may be determined a duty of support exists, forwards the complaint to the responding court in the obligor's state of residence. KRS 407.210. The bulk of Chapter 407 is devoted to outlining the procedure followed in this type of URESA action. A second method of enforcement is accomplished by registering the foreign support order in a court of this state. KRS 407.450.

An issue of first impression in this jurisdiction is whether a Kentucky court, as a responding court in a "typical" URESA action (KRS 407.180 et seq.) may increase child support payments over the amount established by the order sought to be enforced. *Hamilton v. Hamilton*, Ky., 476 S.W.2d 197 (1972), did not settle this question, as asserted by the appellee. *Hamilton* relied on KRS 407.350 and a reciprocal Florida statute, which provide as follows:

> *Application of payments.* Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

The (Kentucky) divorce decree in *Hamilton* set child support at $200.00 a month. Pursuant to an action under the Uniform Sup-

port of Dependents Act, a Florida court ordered that the obligor could avoid extradition from Florida as long as he paid $75.00 a month on the Kentucky judgment. *Hamilton,* 476 S.W.2d at 199 n. 2. The Florida order did not modify the Kentucky judgment and arrearages continued to accrue under the Kentucky judgment. *Id.* at 200. *Hamilton* does not hold that KRS 407.350, by itself, bars modification of a prior support order.

KRS 407.350 is taken from the 1950 Uniform Reciprocal Enforcement of Support Act § 30. Under this version of the Act, courts have been divided over whether a responding court may modify a support order of a sister state. W. Brockelbank, *Interstate Enforcement of Family Support,* 65–66 (F. Infausto 2d ed. 1971). The 1968 Act amended this section (renumbered to Section 31) to read that a subsequent order does not nullify a prior order "unless specifically provided by the ... Court." The 1968 Act § 31, not adopted by Kentucky, attempts to settle the controversy by allowing a responding court to modify prior support orders. *Id.* at 67.

We believe that KRS 407.420 evinces an intent that in an action pursuant to KRS 407.180 a Kentucky court should not increase the support provisions made in a prior order. This statute provides as follows:

> *Effect of pending or prior actions or proceedings on actions under this chapter.* A responding court shall not stay the proceeding or refuse a hearing under this chapter because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hearing and may issue a support order pendente lite. In aid thereof it may require the obligor to give a bond for the prompt prosecution of the pending proceeding. *If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the complaint being heard the court must conform its order to the amount allowed in the other action or proceeding.* Thereafter the

court shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding. (Emphasis added.)

Although the appellants argue that this statute applies only where there are two contemporaneous actions for support pending, the plain wording of the statute is not so limited. But even if it were, this statute nevertheless shows an intent that the amount of support set by the responding court should conform to that set by the other court. A reading of this statute compels us to conclude that a responding court of this state may not increase the amount of support set by a prior decree in an URESA action initiated by the filing of a complaint in the initiating court in the obligee's home state.

 However, the obligee is not without a remedy in a Kentucky court to seek an increase in support provisions. The obligee may register a foreign support order with the circuit clerk. KRS 407.450–407.460. After a foreign support order is registered, it is "treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in a like manner." KRS 407.480. Thus, after a foreign support order is registered, the obligee may seek modification in the circuit court of the order pursuant to the standards of KRS 403.250. Requiring registration to seek a modification of a prior support order still comports with the purposes of URESA, that is, to provide an efficient method of enforcing support duties between jurisdictions. The county attorney represents the obligee, KRS 407.470(1), and the obligee would not be required to travel to Kentucky.

The circuit court judgment is affirmed.

All concur.